# Chesapeake & Ohio Railway Company v. Dwyer's Administratrix.

(Decided January 29, 1915.)

## Appeal from Boyd Circuit Court.

1. Employers' Liability Act—Action Under—Widow Only Dependent—Entitled to Entire Amount Recovered.—In an action brought by the personal representative, under the "Employers' Liability Act," to recover damages of a railroad company for the death of an employe, caused by the negligence of the railroad company, if the widow of the decedent is the only dependent beneficiary under the act, she will be entitled to take all the damages that may be recovered.

2. Employers' Liability Act—Measure of Damages—Instruction With Respect to.—The damages recoverable under the "Employers' Liability Act" by or for a deceased employe's widow as sole beneficiary, is such a sum as will fairly and reasonably compensate her for the pecuniary loss, if any, sustained by her on account of his death; and an instruction which, as in this case, so told the jury, and also told them that, in fixing the amount, they were authorized to take into consideration the decedent's age, habits, business ability, earning capacity and the probable duration of his life, as well as the pecuniary loss, if any, the widow sustained by being deprived of such support and maintenance, if any, as the evidence may have shown she would have derived from the decedent, had he lived; but that the damages allowed should be confined to the period of the widow's dependency and not exceed the aggregate sum of the decedent's probable earnings during his expectancy of life, nor more than the sum sued for in the petition, properly advised them of the law as to the measure of damages in the meaning of the act.

3. Damages—When Not Regarded Excessive.—A verdict awarding an employe's widow $16,000.00 damages for his death, will not be regarded excessive, where it is made to appear from the evidence that he was a sober, industrious man, forty-five years of age; that his earnings as a locomotive engineer had averaged $160.00 per month and his life expectancy was 24.46 years, that of the widow practically the same; and the amount of the verdict is but little more than a third of the aggregate sum of his probable earnings during his life expectancy.

PROCTOR K. MALIN and WORTHINGTON, COCHRAN & BROWNING for appellant.

R. S. DINKLE, WATT M. PRICHARD and GEORGE B. MARTIN for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This is the second appeal in this case, the opinion upon the former appeal being reported in 157 Ky., 590. As the facts out of which the action rose and questions of law involved, are fully set out in that opinion, it is unnecessary to repeat them here, it being sufficient to say that appellee's intestate, Richard Dwyer, who was a locomotive engineer in the employ of the appellant, Chesapeake & Ohio Railway Company, was killed May 12, 1910, at England Hill, in Boyd county, by the derailment of a part of a freight train upon which he was employed as such engineer, it being alleged in the petition that the intestate's death was caused by the negligence of appellant in the particulars therein named, but mainly on account of its negligence and that of its servants in failing to take the proper precautions to prevent the fall of debris upon the railroad track resulting from a landslide at the place of the accident, which caused the derailment of the train. The action was brought under the act of Congress known as the "Employers' Liability Act," approved April 22, 1908, as amended by the act of April 5, 1910.

The first trial resulted in a verdict and judgment in appellee's favor for $14,000.00 damages. On the second trial, occurring after the reversal of that judgment by this court, appellee recovered a verdict for $16,000.00 damages, and this appeal is prosecuted from the judgment entered upon that verdict.

It is not denied by counsel for appellant that the evidence authorized a recovery of damages for some amount, but insisted that the amount recovered on the last trial is grossly excessive, and that the trial court erred in instructing the jury as to the measure of damages. It is admitted that the deceased left but two children, a son and daughter, the former being an adult and the latter a married woman, and that neither of the children was dependent upon him for a support. So, in determining whether or not the verdict is excessive, only the damage sustained by the appellee widow can be considered.

It appears from the evidence that the deceased, Richard Dwyer, was a sober, industrious man, in good health and forty-five years of age at the time of his death; and that he was earning $150.00 per month regularly, and often would receive from ten to twenty dollars per month in addition for extra time, which made

his monthly earnings vary from $150.00 to $170.00. According to the table introduced in evidence, the deceased at the time of his death had an expectancy of 24.46 years. So, taking the $150.00 per month as a basis, he was earning $1,800.00 per year, which, if continued through the period of the expectancy, would have aggregated $44,028.00. If we accept $160.00 per month as a basis, which will probably be a fair average, his earnings would have amounted to $1,920.00 per year, and, during the years of the expectancy, reached $46,963.20. If we take $150.00 per month as his earnings during the period of expectancy, amounting altogether to $44,028.00, and it be assumed that only one-half thereof, $22,014.00, would have been required to support the wife had he lived, such half would exceed by $6,014.00 the amount awarded by the verdict of the jury. If, however, we accept as a basis $160.00 per month, which, according to the proof would be a fair average, it would amount during the period of expectancy to $46,963.20, one-half of which, $23,481.60, would exceed by $8,481.60 the amount awarded by the verdict of the jury. If only one-third of his earnings would have been required for the support of the widow had he lived, taking $160.00 per month as a basis for what he would have earned during his life expectancy, such third, amounting to $15,654.40, would be only $345.60 less than the amount recovered. Under the award made by the jury the appellee, widow of the deceased, will only receive $654.13 each year of the 24.46 years of expectancy, which is doubtless less than she would have received had her husband lived during that time, even if allowance be made for reasonable diminution in the deceased's ability to earn money, that might be expected to result from the decline of strength during the latter years of such expectancy.

The contention of counsel for appellant that the verdict of $16,000.00, if placed on interest at six per cent., would yield an annual income greater than the amount that the decedent's widow would have received had he lived, and yet leave her the principal to dispose of at the time of her death, was declared in the case of C. & O. Ry. Co. v. Kelly's Adm'x., 160 Ky., 296, to be without merit. In the opinion it is said:

"Appellant insists, under the principles of Gulf & Colorado Railway Co. v. McGinnis, 228 U. S., 173, and Mich. Cent. Co. v. Vreeland, 227 U. S., 59, that what the

beneficiary is entitled to is not a lump sum equal to what he would receive during the estimated term of depend- ency, but the present cash value of such aggregate amount. In other words, the amount awarded ought to be such that if placed at interest, would be wholly con- sumed when the time of dependency ceases, and that the jury should have been so instructed. In the McGinnis case, *supra*, the court construes the Employers' Liability Act to provide compensation to certain surviving rela- tives of the employe, 'for the actual pecuniary loss re- sulting to the particular person or persons for whose benefit an action is given.' With reference to the appor- tionment of the benefit of each, the jury must do this, 'measured by his or her individual pecuniary loss.' We are unable to see that the McGinnis case, *supra*, either in principle or by intimation, requires that the measure of damage in the instruction to juries should be any dif- ferent from the one in this case. In fact, the instruc- tions as above quoted seem to have been drawn to con- form to the principles announced in the McGinnis case. The instructions limited recovery to the actual 'pecu- niary loss.' Their whole loss was sustained at the time of his death. There is no more reason in appellant's theory, that the defendants should have discounted the loss, than there is that the railroad company should be adjudged to pay a fixed sum annually, semi-annually or monthly for their support. The award of the jury should be for the pecuniary loss suffered. While that loss is, in a measure, future support, the father's death precipitated it, so that it is all due, and we are not im- pressed with the argument that the sum due should be reduced by rebate or discount. The value of a father's support is not so difficult to estimate, and the average juryman is competent to compute it, but to figure inter- est on deferred payments, with annual rests, and reach a present cash value of such loss to each dependent is more than ought to be asked of any one less qualified than an actuary. We believe the instructions are not only right in form and in principle, but are in harmony with the McGinnis case.''

The age of the appellee widow at the time of her husband's death was forty-three, two years younger than the husband, consequently, her expectancy of life was practically the same as his; and the criterion of recov- ery being only the actual pecuniary loss resulting to the

widow from the death of the husband, as the amount recovered is less than one-half of what the gross earnings of the decedent would have been during the probable duration of his life, and not more than the widow would probably have received out of such earnings for her support, had he lived, there is, in our opinion, no ground for appellant's contention that the verdict is excessive.

Appellant's complaint of the instruction as to the measure of damages is without merit. The law as given by the court on this feature of the case is found in instruction No. 4, which is as follows:

"The court instructs the jury that if they shall find for the plaintiff under instruction No. 1, then and in this event they will find for her such a sum of money as they may find and believe from the evidence will fairly and reasonably compensate Sarah Dwyer, the widow of the decedent, for the pecuniary loss, if any, sustained by her by reason of his death. And in fixing said amount, if any, the jury are authorized to take into consideration the decedent's age, his habits, business ability, earning capacity and the probable duration of his life, and also the pecuniary loss, if any, which the said Sarah Dwyer as his wife has sustained by reason of being deprived of such support and maintenance, or other pecuniary advantage, if any, which the jury may find and believe from the evidence she would have derived from decedent but for the accident in question, not exceeding, however, the sum of the aggregate probable earnings of decedent but for the accident in question, nor more than the sum of $40,000.00, the amount claimed in the petition. And in the event the jury should find for and allow plaintiff any damages under this instruction, then and in this event they will confine or limit such recovery of damages to the period of her dependency, if any, as the widow of decedent, and, in no event, for a longer period than her said husband would have probably lived but for the injury complained of and in question. The court instructs the jury that they cannot allow plaintiff any sum in damages for any pecuniary loss sustained by the children of the decedent, Richard Dwyer, as the result of his injury and death. Said children are not entitled to recover any damages for the injury and death of the decedent, and in the event that the jury should find for the plaintiff they will consider only the pecuniary loss,

if any, sustained by his widow, Sarah Dwyer, by rea-·
son. of the death of the decedent, Richard Dwyer.''

. The measure of damages as given in the above in-
struction is substantially the same as that contained in
the instruction given in the case of C. & O. Ry. Co. v.
Kelly's Adm'x., *supra*, which received our approval in
that case. It will be observed that the instruction did
not, as claimed by appellant's counsel, require the jury
to. find for the decedent's administratrix the aggregate
sum of his earning capacity during the life expectancy,
but limited the recovery so that it could not exceed the
actual pecuniary loss which the widow sustained by
the decedent's death, or in any event exceed the amount
claimed in the petition, $40,000.00, which is, itself, less
than the evidence showed the decedent's earning capac-
ity would have been during such expectancy.

The record furnishing no reason for the reversal
asked, the judgment is affirmed.