## Louisville & Nashville Railroad Company v. Scott's Administrator.

(Decided April 30, 1920.)

Appeal from Henry Circuit Court.

1. Appeal and Error—Trial—Evidence—Limitation to Specific Purpose—Request for Instruction.—In civil cases where evidence is admissible for a particular purpose, no error can be assigned either as to its admission or effect, where the party complaining interposed only a general objection to its admission, and did not ask for an instruction limiting its effect.

2. Evidence—Admissibility of Evidence of Subsequent Repairs or Change of Conditions—Application of Rule.—The rule that evidence of subsequent repairs or change of conditions is not admissible as evidence of negligence, is limited to those cases where the injury was caused by the defect which was repaired or the conditions which were changed, and does not apply to evidence of slight changes in the physical conditions at the place of the accident, where such conditions did not cause the accident, and such evidence was admissible for the purpose of enabling the jury to understand and appreciate the physical conditions, which they were permitted to view by the court.

3. Trial—View—Discretion of Trial Court.—Whether the jury may view the premises is a matter largely in the discretion of the trial court, and its action in granting a view where only slight changes have been made in the surrounding conditions, and these have been brought to the attention of the jury, was not an abuse of discretion.

4. Evidence—Mortality Tables—Admissibility—Effect of Ill Health of Person to Whom They Are Applied.—Evidence of ill health on the part of a person to whom the life tables are applied merely weakens their probative effect, and does not render them inadmissible.

5. Appeal and Error—Evidence—Admission—Prejudicial Error.—Without deciding whether such evidence was admissible or not.

admission of evidence that the train was running unusually fast was not prejudicial, in view- of the fact that the speed of the train was shown to be between thirty-five and forty-five miles an hour, by persons who had qualified themselves to speak as experts.

6. Evidence—Right of Witness to Testify to What Another Knew.— While a witness may testify to facts and circumstances showing knowledge, cr an opportunity for knowledge, on the part of another, he may not testify as to what the other knew.

7. Damages—Excessive Damages.—Where decedent was thirty-four years of age, had an expectancy of twenty-seven years, received a salary of $60.00 a month as telegraph operator, was a man of sober and industrious habits, and his health was good although he had suffered a slight paralytic stroke in his youth, a verdict for $15,000.00 was not excessive, considered in the light of a probable increase in his earnings, and of the diminished purchasing power of a dollar.

B. D. WARFIELD, W. B. MOODY and W. B. BARBOUR for appellant.

H. K. BOURNE, ELWOOD HAMILTON and HAMILTON & POLSGROVE for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

While riding in an automobile truck, Oscar Scott was struck and killed by a Louisville & Nashville passenger train at a grade crossing in the town of Campbellsburg. Thereupon, his administrator brought suit for damages. The first trial resulted in a verdict and judgment for plaintiff in the sum of $15,000.00. On appeal the judgment was reversed for certain errors, and the cause remanded for a new trial. L. & N. R. R. Co. v. Scott's Admr., 184 Ky. 319, 211 S. W. 747. On the return of the case there was another trial which resulted in a verdict and judgment for the same amount. The railroad company appeals.

It is conceded that there was sufficient evidence of negligence to take the case to the jury, and that the instructions are not subject to complaint.

The errors assigned will be considered in the following order:

(1) It is conceded that evidence that the decedent was a man of industrious and sober habits was admissible on the question of his earning capacity, L. & N. R. R. Co. v. Daniel, 122 Ky. 256, 91 S. W. 691; C. N. O. & T. P. R. Co. v. Lovell's Admr., 141 Ky. 249, 132 S. W. 569, 47 L. R. A.

(N. S.) 909, but insisted that the court erred in failing to admonish the jury to that effect. It appears that defendant did not ask for an instruction limiting the effect of the evidence, but merely interposed a general objection. It is the rule in civil cases that where evidence is admissible for a particular purpose, no error can be assigned either as to its admission or effect, where the party complaining interposed only a general objection to its admission and did not ask for an instruction limiting its effect. 3 C. J., p. 823; Stark v. Burke, 131 Iowa 684, 109 N. W. 206; Stearns Coal & Lumber Co. v. Calhoun, 166 Ky. 607, 179 S. W. 590.

(2) Complaint is also made of the fact that plaintiff was permitted to show that certain weeds and bushes, which were on defendant's right of way at the time of the acciden,t and a quantity of dirt, which had then fallen into the cut, had been removed and the cut widened, at the time of the trial. While we have frequently written that evidence of subsequent repairs or change of conditions is not admissible as evidence of negligence, an examination of our opinions will show that the rule is limited to those cases where the injury was caused by the defect which was repaired, or the conditions which were changed. L. & N. R. Co. v. Williams, 165 Ky. 386, 176 S. W. 1186; Interstate Coal Co. v. Shelton, 152 Ky. 92, 153 S. W. 1; L. & N. R. Co. v. Stewart's Admr., 131 Ky. 665; L. & N. R. Co. v. Morton, 121 Ky. 398, 89 S. W. 234. Here, the accident was not caused by bushes or weeds or by the cut, and there is no room for the application of the rule. In our opinion the evidence was admissible for the purpose of enabling the jury to understand and appreciate the physical conditions at the place of the accident, which they were permitted to view by the court.

(3) Another complaint is that the court erred in permitting the jury to view the *locus in quo.* The ground for this objection is that the accident occurred in December, while the trial took place in September, and there was necessarily more vegetation and foliage at the time of the trial than there was at the time of the accident. In applying our statute, we have uniformly ruled that an application for a view of the premises by the jury is a matter resting in the sound discretion of the trial court, and such discretion will not be disturbed on appeal except in cases of abuse. Salisbury v. Wellman Electrical Co., 173 Ky. 462, 191 S. W. 289. Upon the calling of the case

the motion for a view was overruled. It was only after the witnesses had testified to slight changes in the physical conditions that the jury were permitted to view the premises. Not only was the fact that certain weeds, bushes and trees had been removed and the cut widened brought to the attention of the jury, but the fact that the accident occurred in December, while the trial took place in September. In other words, the jury were fully advised of the changes in the physical surroundings, and these changes were slight. That being true, we are not prepared to hold that the trial court abused its discretion, since a clear conception of the circumstances surrounding the accident could not have been gotten from mere oral testimony, and the view enabled the jury the better to understand and apply the testimony.

(4) It is next insisted that the court erred in permitting the life tables to be put in evidence. The only reason advanced in support of this contention is that the life tables are based on the lives of healthy persons, while it appeared that the decedent, during his childhood, had suffered a slight stroke of paralysis. In reply to this contention it is sufficient to say that evidence of ill health on the part of a person to whom the life tables are applied merely weakens their probative effect, and does not render them inadmissible. 19 R. C. L., p. 217; Broz v. Omaha Maternity, etc., Ass'n, 96 Neb. 648, 148 N. W. 575, L. R. A. 1915 D 334; Greer v. Louisville, etc., R. Co., 94 Ky. 169, 21 S. W. 649, 42 A. S. R. 345.

(5) Another error relied on is that the court permitted two or three witnesses, who were asked as to the speed of the train, to state that it was running unusually fast. Without entering into any discussion as to whether this evidence should have been admitted, we may dispose of the question by saying that its admission was not prejudicial in view of the fact that the speed of the train was shown to be between thirty-five and forty-five miles an hour by persons who had qualified themselves to speak as experts.

(6) The station agent was asked if the decedent was not about the depot every day, and answered that he was. Then the following occurred:

"Q. Was he not perfectly familiar with the trains, their time and their schedule? (Plaintiff objected; sustained; defendant excepted.) Q. What opportunity did he have to know what the times of the trains were? A.

Why, he was frequently there, and he knew about the time table and knew what time they were due."

Later on, the agent was asked as to the decedent's familiarity with the block system, in connection with which the semaphore board was used, and answered that decedent was familiar with it. He was then asked the following question:

"Q. I will ask you whether or not he knew that was in working order at that time. (Plaintiff objects; sustained; defendant excepts.)"

Clearly, it was not error to refuse to permit the witness to testify as to what the decedent knew. He could only testify to facts and circumstances showing knowledge, or an opportunity for knowledge, on the part of the decedent, and this he was permitted to do.

(7) We are unable to say that the verdict is so excessive as to indicate that it was the result of prejudice or passion on the part of the jury. At the time of the accident the decedent was thirty-four years of age, had an expectancy of twenty-seven years, and received a salary of $60.00 a month as telegraph operator. He was a man of sober and industrious habits, and his health was good although he had suffered a slight paralytic stroke in his youth. In estimating the damages the jury had the right to take into consideration the fact that his earnings would probably increase, and that the purchasing power of a dollar had materially decreased. Verdicts for equal and larger amounts have frequently been upheld under similar conditions. Standard Oil Co. v. Titus, 187 Ky. 560; L. & N. R. Co. v. Holloway's Admr., 168 Ky. 262, 181 S. W. 1126; L. & N. R. Co. v. Allen's Admr., 174 Ky 736, 192 S W. 863; C. & O. R. Co. v. Dwyer's Admr., 162 Ky. 427, 172 S. W. 918; C. & O. R. Co. v. Kelly's Admr., 160 Ky. 296, 169 S. W. 736.

Judgment affirmed.