Ruth H. NORDMEYER, Administratrix of the Estate of Joseph A. Nordmeyer, deceased, Plaintiff-Appellee,

v.

Charles SANZONE, Defendant-Appellant.

No. 15020.

United States Court of Appeals
Sixth Circuit.

March 6, 1963.

the effectiveness of the judgment subsequently to be entered."

A. J. Jolly, Newport, Ky. (Bassmann, Kaufmann, Root & Jolly, Newport, Ky., on the brief), for appellant.

Robert C. Cetrulo, Covington, Ky. (Blakely, Moore & O'Hara, Covington, Ky., of counsel), for appellee.

Before CECIL, Chief Judge, and MILLER and O'SULLIVAN, Circuit Judges.

SHACKELFORD MILLER, Jr., Circuit Judge.

The plaintiff, Ruth H. Nordmeyer, Administratrix of the estate of her husband, Joseph A. Nordmeyer, brought this action in the District Court to recover damages by reason of the death of her husband, which the complaint alleged directly resulted from an automobile accident caused by the negligent operation of an automobile by the defendant, Charles Sanzone. A jury returned a verdict for the plaintiff in the sum of $45,000.00. This appeal followed.

A summary of the evidence with respect to the accident and Mr. Nordmeyer's death, which is sufficient for the purposes of our present ruling, is as follows. On November 12, 1960, at about 7 P.M. Mr. Nordmeyer was driving his Buick automobile on U. S. Highway #25 near the corporate limits of Covington, Kentucky. His wife was seated in the front seat beside him and his sixteen-year-old daughter was seated in the rear of the car. At the same time and place

the defendant was driving his Buick automobile in the opposite direction and was accompanied by a friend. In rounding a large bend in the highway, defendant's automobile crossed over into Mr. Nordmeyer's line of traffic. Mr. Nordmeyer swerved to his right in an attempt to avoid a collision, but despite this evasive action, a substantial impact occurred between the two cars. Defendant described the accident as a "scraping" or "side swiping" rather than an impact.

Mr. Nordmeyer got out of the car following the accident and asked a passing car to call the police. When the police arrived about twenty minutes later Mr. Nordmeyer and the police talked to Mr. Sanzone in his car. According to Mr. Sanzone, both parties expressed relief that no one was injured in the accident and that since only property damage was involved, and both had adequate insurance, there was nothing to be concerned about. Both cars were towed away. The five persons got into the police cruiser and Officer Mercer transported Mr. Sanzone and his friend to a restaurant a mile or so south of the accident and took the Nordmeyers to a bus stop where they waited some twenty minutes for a bus. The Nordmeyers boarded the bus, which they rode for some ten minutes, and upon disembarking walked two blocks to the Nordmeyer home.

Shortly after their arrival at home, Mr. Nordmeyer began to complain of indigestion and asked for some baking soda. His symptoms became more acute and an attempt was made to call a physician. Unable to obtain the services of a physician, a neighbor was called and Mr. Nordmeyer was taken to St. Elizabeth Hospital, where he was admitted at approximately 10:00 P.M. At 12:05 A.M. he died. The Coroner's verdict was that the deceased came to his death by reason of coronary thrombosis.

Expert medical testimony introduced by the plaintiff was to the effect that the automobile accident and the resulting injury to Mr. Nordmeyer was the cause of the coronary thrombosis which resulted in his death. On the other hand,

there was expert medical testimony that there was no evidence of traumatic injury to Mr. Nordmeyer; that a necropsy, or autopsy, performed upon the body within a few hours after death disclosed a recent coronary thrombosis of the right artery, an old, organized, and recanalized coronary arterial thrombosis, and an enlarged heart; that a thrombus, or blood clot, formed in the artery and occluded it; and that Mr. Nordmeyer died from a recent coronary arterial thrombosis, which was not caused by the accident.

It is settled law that expert medical testimony expressing an opinion as to the cause of death, based on a hypothetical question embracing the material facts supported by the evidence, does not invade the province of the jury, is admissible in evidence on the issue of cause of death, and although not conclusive on said issue, and even though it does not disprove every other possible cause of death, is sufficient to take such issue to the jury and to uphold a verdict in accordance therewith. Ellis v. Litteral, 296 Ky. 287, 176 S.W.2d 883; Jones' Adm'x v. May, 310 Ky. 706, 221 S.W.2d 617; Byck v. Commonwealth Life Insurance Co., 269 S.W.2d 214, (Ky.1954); Agsten v. Brown-Williamson Tobacco Co., 272 Ky. 20, 113 S.W.2d 829; Cameron v. New York Life Insurance Co., 301 F.2d 208, C.A. 6th. In the present case there was substantial expert medical testimony of this nature from Dr. Robert S. Green, Dr. Morris Weiss and Dr. Frank P. Cleveland expressing the opinion that the accident was the cause of the coronary thrombosis and the resulting death of Mr. Nordmeyer. If this rule is applicable, it follows that the District Judge did not err, as is contended by the appellant, in refusing to direct a verdict for the defendant at the conclusion of all the evidence.

Appellant argues that although there was evidence to the effect that the cause of death was coronary thrombosis, the evidence failed to show that the coronary thrombosis was caused by the accident. He relies upon the established rule in Kentucky, as well as in other

jurisdictions, that the expert opinion of a doctor based upon a hypothetical question is not sufficient to take the case to the jury where certain material facts in the question are assumed and are not supported by the evidence. Or stated another way, it is that an inference drawn by a medical expert must be based upon facts, and has no value if it is based upon a prior inference instead of facts supported by the evidence. Sloan v. Sloan, 303 Ky. 180, 183, 197 S.W.2d 77; Prudential Insurance Co. of America v. Howard's Assignee, 258 Ky. 366, 80 S.W.2d 21; Sutton's Admr. v. L. & N. R.R. Co., 168 Ky. 81, 85, 181 S.W. 938.

Appellant attempts to apply that rule to the present case by the contention that there was no direct evidence that Nordmeyer was injured in the accident, that the evidence did not disclose a traumatic injury to Mr. Nordmeyer's body, and that the medical testimony that the accident, with the resulting injury, was the cause of the coronary thrombosis and death, was based upon an inference that Mr. Nordmeyer was injured in the accident rather than upon the proven fact that he was injured in the accident. We do not accept that construction of the evidence. Mrs. Nordmeyer testified that as a result of the hard impact between the cars, the occupants of the car were thrown forward and that her husband "fell across the wheel. He seemed to strike the wheel and he just laid there and he didn't say anything for just, I imagine, a few minutes. * * *" She also testified that his chest struck the steering wheel. We are of the opinion that plaintiff's expert medical testimony was properly received in evidence.

■ For the purpose of showing the health condition of the decedent at the time of the accident, plaintiff offered in evidence copies of records pertaining to the decedent of Dr. A. J. Schwertman, a practicing physician of thirty-five years in the Covington, Kentucky, area before his death on July 23, 1960. The decedent had been a patient of Dr. Schwertman. The copies were made by Mrs. Schwertman, the widow, who had possession of her husband's records after his death and the closing of the doctor's office. We think defendant's original objection to the receipt in evidence of these copies was met by also offering in evidence and making available for examination by the defendant the original records of which the copies had been made and by the testimony of Mrs. Schwertman that the copies were exact copies rather than a summation by the witness of what the records showed. Upon examination of the records it developed that they did not show any visits of the deceased to Dr. Schwertman after November 8, 1958, approximately two years before the accident. Defendant then moved to strike them from the record on the ground that they were too remote in time to be relevant. In overruling the motion, the District Judge called to the attention of the jury the date of the last visit of the decedent to Dr. Schwertman and told the jury that the issue was what the decedent's health condition was at the time of the accident, but that the jury could consider the records for whatever value it may think they had. We find no prejudicial error in this aspect of the case.

■■ Nor do we find any merit in defendant's further contentions that the Mortality Table as set forth in the Kentucky Revised Statutes was improperly received in evidence. Nelson v. Black Diamond Mining Co., 167 Ky. 676, 181 S.W. 341; Morris v. Morris, 293 S.W.2d 243, (Ky.1956); L. & N. Railroad Co. v. Scott's Administrator, 188 Ky. 99, 220 S.W. 1066, and that the District Judge erred in overruling defendant's motion to set aside the swearing of the jury on the ground of the injection into the trial, through the testimony of the defendant himself, of the existence of insurance. Terminal Transport Co. v. J. P. Berry, 217 F.2d 32, C.A. 6th; Herald v. Gross, 343 S.W.2d 831, (Ky.1961).

The judgment is affirmed.