**Ruth H. NORDMEYER, Administratrix of the Estate of Joseph A. Nordmeyer, Deceased, Plaintiff-Appellee,**

v.

**Charles SANZONE, Defendant-Appellant.**

**No. 15020.**

United States Court of Appeals
Sixth Circuit.

April 16, 1963.

---

A. J. Jolly, Bassmann, Kaufmann, Root & Jolly, Newport, Ky., for appellant.

Robert C. Cetrulo, O'Hara & Ruberg, Covington, Ky., for appellee.

Before CECIL, Chief Judge, and MILLER and O'SULLIVAN, Circuit Judges.

PER CURIAM.

The plaintiff, as Administratrix of the estate of Joseph A. Nordmeyer, deceased, recovered a judgment in the District Court against the defendant, Charles Sanzone, in the amount of $45,000.00 for damages by reason of the death of her husband arising out of an automobile accident alleged to have been caused by the negligence of the defendant in the operation of his automobile. In taking his appeal, the appellant executed a supersedeas bond. The judgment was affirmed by this Court. 6 Cir., 314 F.2d 202.

The plaintiff-appellee has filed a motion in this Court to assess an additional 10% of the amount of the judgment as damages for the delay caused by the appeal, which it is claimed was without merit and was taken merely for delay.

■■ In support of her motion, appellee relies first upon Rule 25(2), Rules of this Court, which provides:

"Damages for Delay. In any case where an appeal has delayed proceedings on a judgment appealed from, and shall appear to have been taken merely for delay, damages not exceeding 10 per cent of the amount of the judgment in addition to interest may be awarded and added to the judgment."

Under this rule, the award of damages where an appeal has delayed proceedings on a judgment appealed from is discretionary with the Court. The rule provides that damages "may be awarded" and added to the judgment. The amount of any such award is not 10% of the judgment, but damages "not exceeding 10% of the amount of the judgment." In our opinion, the appeal in this case was not so lacking in merit as to justify an award of damages under this rule.

In support of the motion, appellee also relies upon Section 21.130 of the Kentucky Revised Statutes, which provides as follows:

"Damages upon affirmance. Upon the affirmance of an appeal, or the dismissal of an appeal after it has been docketed in the Court of Appeals, where the appeal is from a judgment for the payment of money, the collection of which, in whole or in part, has been superseded, as provided in the Rules of Civil Procedure, ten percent damages on the amount superseded shall be awarded against the appellant."

Appellee points out that under the Kentucky statute the award of 10% damages where a judgment for the payment of money has been superseded and affirmed on appeal is fixed in amount, and mandatory. She contends that since jurisdiction in this case is based upon diversity of citizenship, we are required to follow the Kentucky statute under the ruling in Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188.

■■ However, the Federal Rules of Civil Procedure have their own provisions providing for a stay upon appeal and the execution of a supersedeas bond. Rules 62(d) and 73(d), Rules of Civil Procedure. It is well settled that the Federal Rules of Civil Procedure have the force and effect of a federal statute. American Federation of Musicians v. Stein, 213 F.2d 679, 686, C.A.6th; Bendix Aviation Corp. v. Glass, 195 F.2d

782

267, 272, 38 A.L.R.2d 356, C.A.3rd; Winsor v. Daumit, 179 F.2d 475, 477, C.A.7th. Rule 73(d), Rules of Civil Procedure, differs somewhat from the provisions of the Kentucky statute and insofar as it deals with a question of procedure it is controlling over the provisions of a state statute which is in conflict therewith. Sibbach v. Wilson & Co., 312 U.S. 1, 13, 61 S.Ct. 422, 85 L.Ed. 479; Williams v. Powers, 135 F.2d 153, 156, C.A.6th.

We are of the opinion that Rule 73(d) providing for the award of damages for delay upon the affirmance of a money judgment is a matter of procedure rather than a question of substantive law. In Kring v. Missouri, 107 U.S. 221, 231–232, 2 S.Ct. 443, 451, 27 L.Ed. 506, the Supreme Court said that the term "procedure" is a broad one and includes in its meaning whatever is embraced by the three technical terms, Pleading, Evidence, and Practice. In defining Practice, the Court said the word "means those legal rules which direct the course of proceeding to bring parties into the court and the course of the court after they are brought in:" This definition was restated in Kellman v. Stoltz, 1 F.R.D. 726, 728, N.D.Iowa, where the District Judge pointed out that the term "procedure" includes more than pleading, in that it includes all rules and forms which govern the parties, their counsel and the Court throughout the progress of the case from the time of its initiation until final judgment and its execution. The damages which appellee now seeks to recover in addition to the amount of the judgment were not a part of her cause of action and only arise as an incident of certain procedural steps taken by the appellant. Rule 73(d), Rules of Civil Procedure, does not require the imposition of a 10% penalty as does the Kentucky statute.

Appellee's motion for an award by this Court of 10% damages upon the affirmance of the judgment herein is overruled.