## Reece v. West.

(Decided November 14, 1911.)

Appeal from Estill Circuit Court.

Waiver of Errors.—Rulings of the trial court upon questions of practice, if not excepted to in that court, will be deemed to have been waived.

JAMES P. ADAMS and KELLY KASH for appellant.

HUGH RIDDLE for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

In 1904 the appellant Reece brought an ordinary action against the appellee West seeking to recover damages in the sum of $575.00. Subsequently he filed an amended petition, correcting some averments of the original petition as to the indebtedness of West, and set up that his claim against him was $288.17. To these pleadings West filed an answer and counterclaim, and also an amended answer and counterclaim, in which he sought judgment over against Reece for some two hundred dollars. It also appears that the appellant filed a second ordinary petition against West, in which he sought judgment against him for $250.00 on account of matters not sued for in the action first brought. To the second suit the appellee West filed an answer, traversing generally the averments of the petition.

It appears from the record that without objection these two actions were referred to the Master Commissioner to state the accounts between the parties. The Commissioner, after taking all the evidence offered by either party, in his final report found that Reece was indebted to West on account of the matters in controversy in the first suit in the sum of $109.20 and that Reece was not entitled to recover anything on account of the matter set up in his second suit. The report of the Commissioner was filed on November 10th, 1908, and on the 31st of December, no exceptions being filed, the court rendered

judgment in accordance with the Commissioner's report in favor of West against Reece for $109.20. From this judgment Reece appeals.

Counsel for appellant complains of the action of the court in allowing West to plead by way of counterclaim the items asserted against Reece, but the record shows that no objection was made or taken to the filing of the original answer and counterclaims in which West sought judgment over against Reece for the sum of $126.36. It seems that when West tendered his amended answer and counterclaim, Reece objected, but his objection was over-ruled. What the grounds of the objection were does not appear. If it was error to allow as a counterclaim the items so asserted by West, the error was waived by the failure of Reece to enter objection or move the court to strike out so much of the pleading as asserted a counterclaim.

It is also insisted by counsel that the plaintiff, Reece, was entitled to a trial by a jury. This may be true, but the record shows that on his motion both cases were referred to the Master Commissioner to take proof and report his findings to the court.

Another alleged error is the consolidation of these two actions, but we do not find that any objection was made in the lower court to hearing them together and disposing of them in one judgment.

There is conflict in the evidence as to the rights of the parties, but we are not disposed to disturb the finding of the lower court on these disputed questions of fact.

Wherefore, the judgment of the lower court is affirmed.