## Miller v. Noell.

(Decided February 7, 1922.)

### Appeal from Boone Circuit Court.

1. Libel and Slander—Joinder of Actions.—Two or more causes of action for libel or slander may be joined in a single petition, if published or spoken of or concerning the plaintiff by the defendant; and this is true though the words constituting each libel or slander be the same. But to give the plaintiff a right of action as to each libel or slander, the words of each must have been published or spoken by the defendant on a distinct and separate occasion.

2. Libel and Slander—Malice—Presumptions.—Where the words are slanderous per se, malice on the part of the speaker will, as a matter of law, be presumed from the mere speaking of them; evidence of the circumstances attending the speaking being admissible to show the motive or animus of the speaker, and, also, the injury and damages thereby resulting to the feelings and reputation of the plaintiff.

3. Appeal and Error—Admonition—Exception.—In legal procedure and meaning an "admonition" is any authoritative oral communication or statement, by way of advice or caution, made by the court to the jury during the trial of a case respecting their duty or conduct as jurors, the admissibility or non-admissibility of evidence offered by the parties, or the purpose, if competent only for a particular purpose, for which any of that admitted might or should be considered by them. But on the appeal of a case, in order for the appellant to rely upon any error contained in an admonition of the court below to the jury, for a reversal of the judgment of that court, it must appear from the record that he at the time objected and entered an exception to same; and, also, that the alleged error was set forth and relied on in the grounds for a new trial.

O. M. ROGERS for appellant.

D. E. CASTLEMAN for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

In this action for slander the appellee, J. L. Noell, recovered of the appellant, G. L. Miller, in the court below a verdict and judgment for $500.00 in damages, complaining of which, and of the refusal of that court to grant him a new trial, the latter has appealed.

The petition contains two paragraphs. In the first it was alleged that the appellant in a conversation with one B. B. Hume in the city of Covington, Kenton county,

to the latter and in the hearing of others spoke of and con-
cerning the appellee the following slanderous words:
"Old Joe Lee Noell stole and carried away everything
Lizzie Miller had; he broke her up." In the second para-
graph it was alleged that the same slanderous words
(again setting them out) later were spoken in Boone
county by the appellant of and concerning the appellee
to Lizzie Miller in the hearing of others. It was also al-
leged in each paragraph that the alleged slanderous
words were false and were falsely and maliciously spoken
by the appellant, who meant thereby to charge and did
charge the appellee with the crime of stealing, to the great
injury of his feelings and reputation. Each paragraph
laid the appellee's damages, by reason of the alleged
slander, at $10,000.00, and each contained a prayer for
the recovery of that amount. There were, therefore, two
causes of action of like character properly joined in the
one petition, upon either or both of which, if supported
by sufficient evidence, the appellee was entitled to recover
damages. Lizzie Miller is the widow of H. E. Miller and
daughter-in-law of the appellant, G. L. Miller. She has
two sons who are grandsons of G. L. Miller, and one of
whom, C. E. Miller, testified as a witness for appellee on
the trial of this case. It appears from the bill of evidence
that for ten or more years prior to the institution of this
action she had been conducting a grocery store at "Big
Bone" in Boone county, and that frequently during those
years, often a week or more at a time, when rushed by
trade that required an assistant to help her in the store,
she would employ the appellee as such assistant; and this
relationship of employer and employe seems to have been
adopted by appellant as a basis for the charge contained
in the alleged slanderous words imputed to him by the
petition.

The appellant made no attempt, either by plea or
proof of their truth, to justify his speaking of the alleged
slanderous words. His answer merely traversed the
averments of the petition as amended; therefore, the par-
amount issue of fact made by the pleadings and necessary
to be determined by the jury, was as to whether the appel-
lant on the two occasions, or either of them, mentioned in
the petition, spoke the words therein attributed to him.
As the words complained of, if spoken by him to another
or others, were slanderous *per se,* malice on his part
would, as a matter of law, be presumed from the mere

speaking of them, evidence of the circumstances attending the speaking being admissible to show the motive or animus of the appellant, and, also, the injury and result-. ing damages thereby caused the appellee.

The appellant insists that the judgment of the trial court should be reversed because of error contained, as claimed, in what, in the grounds for a new trial and also in the brief of his counsel, is called "two instructions" of the court, but which we find from the bill of evidence were only two admonitions from the court to the jury, given during the taking of evidence by which the latter were elaborately advised that certain parts of the testimony of each of two witnesses for the appellee should be considered by them only as bearing on the question whether the slanderous words, if spoken by the appellant, were spoken with intentional malice. In thus admonishing the jury the court evidently had in mind the distinction between express malice and that which might be implied from a heedless speaking of false, yet slanderous words, the distinction being one important to be considered by the jury in aggravation or mitigation of the plaintiff's damages. The admonitions in question were stenographically taken by the official reporter of the court, as delivered by the court, and both appear in the bill of evidence contained in the record. As confirmatory of our conclusion that it is the admonitions referred to and not the instructions of the trial court, of which the appellant complains, we find in the brief of his counsel the following approval of the trial court's instructions:

"It might be well, at this point, to say that we find no serious objection to the instructions that were submitted to the jury at the conclusion of all the testimony. In fairness to the court below, it should be said that they fairly stated the law of the case."

The brief, however, quotes from the record and vigorously attacks the two admonitions from the court to the jury referred to designated instructions, and argues their alleged prejudicial effect upon the rights of the appellant. In view of the error of counsel in confusing the meaning of the word "admonition" with that of the word "instruction," we deem it proper to say that according to the meaning given it by the courts in this jurisdiction, an "admonition" is any authoritative oral communication or statement by way of advice or caution, made by the court to the jury during the trial of a case,

respecting their duty or conduct as jurors, the admissibility or non-admissibility of evidence offered by the parties, or the purpose, if competent only for a particular purpose, for which any of that admitted might or should be considered by them. But by the Civil Code of Practice and the courts of this state the term "instructions" has a wholly different legal meaning. The instructions are from the court and addressed to the jury, and contain the law of the case by which they are to be guided and controlled in arriving at a verdict. By direction of section 317, subsection 5, Civil Code, they are required to be given by the trial court "when the evidence is concluded, but before the argument to the jury." While the provisions of the Code, *supra,* do not in terms forbid the giving of oral instructions by the court, they do expressly declare that the court shall, if requested by either party, give written instructions; and under the interpretation given these Code provisions in the several cases cited below, it seems to have become a recognized rule in this jurisdiction that, unless expressly waived by the parties, all instructions to the jury must be in writing. Hobson on Instructions, section 4; Traders Deposit Bank, etc. v. Henry, etc., 105 Ky. 707; L. & N. R. R. Co. v. Banks, 17 Rep. 1065; Cook v. Meacham, 7 Rep. 846 (Sup. Ct.); Vanmeter v. True, 16 Rep. 320 (Sup. Ct.). Our meaning is well expressed by the following excerpt from the opinion in Traders Deposit Bank v. Henry, etc., *supra:*

"It was one of the objects in the adoption of the Code to abolish oral instructions, and require all instructions to be in writing. There is nothing in the provision quoted to show that the legislature intended to change the rule again, and go back to the old system."

But discontinuing further discussion of this question, which is mainly academic, and returning to the consideration of the appellant's contention regarding the admonitions of the trial court to the jury complained of, we are forced to say that we are prevented from reviewing them or any ruling of the court respecting the evidence stated therein, as the record fails to show that the appellant objected to the admonitions, or either of them, or that he saved an exception to same. In order for the appellant on appeal, to rely upon any error contained in the admonitions of the court below to the jury for a reversal of the judgment of that court, it must be made to appear from the record that he at the time objected and entered an

exception to same; and, also, that they were specifically set forth and relied on in the grounds for a new trial, neither of which was done in this case. Civil Code, sections 333, 340, subsection 8, 514; L. & N. R. R. Co. v. Vaughn's Administrator, 183 Ky. 829; Clifton Land Co. v. Reister, 186 Ky. 155. Rulings of the trial court which were not excepted to in that court will, on appeal, be deemed by the appellate court to have been waived. Reece v. West, 145 Ky. 331; Employers' Liability Assurance Co. v. Stanley Deposit Bank, 145 Ky. 735.

Appellant's further contention that the verdict of the jury is flagrantly against the evidence is wholly without merit. Without discussing it in detail, it is sufficient to say that its great weight is strongly to the effect that the appellant, on each of the occasions alleged in the petition, maliciously spoke of and concerning the appellee the slanderous words charged. This was established by at least three witnesses, whose credibility was not assailed, and was undenied by any witness except the appellant.

There is no ground whatever for the appellant's final contention that the verdict is so excessive in amount as to indicate that it resulted from passion or prejudice on the part of the jury. On the contrary, considering the evidence, the amount of damages awarded was very reasonable and even less than might have been expected. No reason being shown for disturbing the verdict, the judgment is affirmed.