## Stiles v. Lile.

(Decided May 16, 1924.)

## Appeal from Nelson Circuit Court.

1   Trial—Party Entitled Only to Submission of Issues Made by Pleadings.—In action for assault and battery, defendant was not entitled to instruction limiting recovery for rupture to damages for aggravation by the assault, where he made no such issue by his pleadings.

2.  Assault and Battery—Instruction as to Damages Held Proper.—Instruction giving measure of damages for assault and battery held proper.

3.  Assault and Battery—Words "Direct and Proximate Result" Properly Limited Plaintiff's Recovery.—Words "direct and proximate result," used in instruction authorizing damages for assault and battery, held to properly limit plaintiff's recovery.

4.  Assault and Battery—Reputation of Defendant Admissible on Issue as to Who was Aggressor.—In civil action, where there is dispute as to who was aggressor, reputation of parties for peace and quiet is admissible, when limited to that issue.

5.  Assault and Battery—Verdict for $500.00 for injuries to Scrotum Held Not Excessive.—A verdict for $500.00 for injuries to scrotum held not excessive.

FULTON & FULTON and JOHN A. FULTON for appellant.

FRANK E. DAUGHERTY and OSSO W. STANLEY for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

Appellee, a nineteen year old boy, by his next friend, sued appellant for damages alleged to have resulted from an assault and battery. Appellant by answer alleged the appellee first assaulted him, and that he had only acted in his necessary self-defense and used no more force than was necessary. The trial resulted in a verdict for $500.00 in favor of the appellee.

Appellee was employed by appellant as a farm hand and on June 18, 1921, was preparing to harness a mule. He was unable to catch the mule, whereupon Stiles came into the barn and said: "Let me have the bridle, I can catch that mule." There is no certainty about what happened next. Appellant swears he was struck and rendered unconscious and that when he recovered consciousness the appellee was on top of him beating him, and threatening to kill him. He admits, however, taking his knife out of his pocket, opening it and endeavoring to strike appellee with it.

The appellee swears that after the appellant took the bridle, he endeavored to catch the mule and did succeed in grabbing the mule by the neck. The mule whirled and loosened the hold of appellant. Appellant turned to appellee, looked at him and said: "Stand back." Appellee stepped back. Appellant then said: "I told you to stand back, . . ." and struck appellee over the head with

the bridle, its heavy bit inflicting a painful bruise. To avoid further injury the appellee began to defend himself, and the two fought until Robert Stiles, a relative of appellant, hearing the noise of the struggle, rushed in and separated them. Appellant was reeling and bleeding at the mouth and was generally *hors de combat*. Appellee and Robert Stiles started to lead appellant to the house, and had led him to the yard gate when he turned on appellee, called him a vile name and told him not to come into the yard and to get off the place. Appellee asked for his hat and left.

During the encounter between these parties, appellant thrust his hand into the appellee's pants and seized appellee by the scrotum and testicles and jerked and wrenched them, as a result of which appellee claims to have sustained such injuries that he was unable to work for a month and received a rupture of some nature, resulting in a varicocele in the left side of his scrotum. The doctors who examined appellee testify that to give him any permanent relief it will be necessary for him to undergo an operation and to have the affected parts cut out. They said he could get some relief by wearing a truss and suspensory, and the appellee was wearing such at the time of the trial and testified that he was much relieved thereby.

The appellant asked the court to give this instruction: "If the jury find for the plaintiff, they should not find any damages on account of the rupture, which plaintiff admits existed at the time of the assault complained of, unless the jury should believe that this rupture was aggravated or increased by reason of the assault complained of, in which event they can find for plaintiff only to the extent of such aggravation, if any." The appellant was entitled to have submitted to the jury the issues made by the pleadings. He had not made any such issue by his pleading, and hence he was not entitled to the requested instruction. Forrest v. Winter, 149 Ky. 759; Cumberland R. R. Co. v. Baird, 156 Ky. 255; Moore v. Damron, 157 Ky. 799; Bowlin v. Archer, 157 Ky. 540.

> "It is an elementary rule of practice that instructions should be confined to the issues presented by the pleadings and the evidence. Moreover, they must agree; and proof without a pleading to support it no more warrants a recovery, than a pleading without proof." Bowlin v. Archer, 157 Ky. 540.

The court among other instructions gave this one:

"If you find for the plaintiff, you will award him such sum as you believe from the evidence will compensate him for the mental or physical pain or suffering, one or both, if any, endured by him as the direct and proximate result of his injury; and, in addition to actual damages, if you find from the evidence that the assault was wilful, malicious, and without justification, you may in your discretion, award him punitive damages, not exceeding in all, however, the sum of $3,000.00, the amount claimed in the petition."

This instruction has been approved by this court in a similar case. Shields' Admr. v. Rowland, 151 Ky. 136. The words "direct and proximate result" as used in this instruction properly limited the appellee's recovery.

Appellant insists that appellee should not have been allowed, over appellant's timely objection, to introduce evidence showing that appellant's general reputation for being high tempered and for peace and quiet was bad. As a general rule, in actions for an assault and battery the character of neither party is in issue, and cannot be the subject of attack, unless it is first attacked or supported by the adversary, or placed in issue by the nature of the proceeding itself. Appellant had the burden of proof, having pleaded *son assault demesne,* and introduced evidence, over appellee's objection, that appellee's general reputation for peace and quiet was bad, which was competent upon the issue as to who was the aggressor.

In Leahman v. Broughton, 196 Ky. 146, Broughton, as a part of his defense, introduced evidence of his good moral character, and this court said: "The general rule is that it is incompetent to prove the general reputation of either party to a civil action for assault and battery for the purpose of establishing the guilt or innocence of the defendant." That rule is correct, but it is also the rule that in affrays such as this one where there is dispute as to who was the aggressor, the reputation of the plaintiff for peace and quietude may be shown not as proof of his guilt or innocence, but for the purpose of assisting the jury, if it does so assist, in determining who brought on the difficulty, and courts should so admonish the jury when it is admitted.

Appellant relies on the case of Sipple v. Kehr, 176 Ky. 698, in support of his objection to this evidence, but we do not so interpret that opinion.

Appellant contends that this is an extravagant verdict for a clearly faked injury. The facts are in confusion. The appellant swore to one thing and the appellee to another. They agree on nothing and both can not be believed. They are the only witnesses on the main features of the case. The jury saw them and heard them testify. They must have believed the appellee, and the testimony of appellant on cross-examination was not such as would induce a jury to believe him. If appellee's injuries are the result of this encounter, and if they are as severe as the physicians say, the verdict is not large enough.

All of this was for the jury to determine and we see no reason to question its findings.

The judgment is affirmed.