## Bartlett v. Vanover.

(Decided Oct. 22, 1935.)

LOUIS I. IGLEHEART for appellant.

840

H. A. BIRKHEAD, BECKHAM A. ROBERTSON and LEE GIBSON for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Affirming.

In April, 1932, M. G. Bartlett, shot and seriously injured his stepfather, E. R. Vanover. The latter instituted this action 'alleging that the shooting was wrongfully, maliciously, and intentionally done; that by reason thereof he had been permanently injured, and disabled from performing manual labor; that he had suffered and still suffered great mental and physical pain and anguish and was damaged in the sum of $1,000; that by reason of his injuries he had incurred expenses in the sum of $250 for physican's services, $302 for hospital and nurses' services, and $20 for medicine, for all of which he prayed judgment.

In addition to a general denial of the allegations of the petition, defendant affirmatively pleaded that the shooting was done in the necessary defense of himself and his mother and that no more force was used than was necessary to repel the assault being made upon them by plaintiff.

On trial of the issues made by a reply traversing the affirmative allegations of the answer, the jury returned a verdict in favor of plaintiff for the sum of $1,037, and from a judgment in conformity with such verdict defendant is appealing.

As grounds for reversal it is argued: (1) That the court committed prejudicial error in instructing the jury; (2) that the court erred to the prejudice of appellant's substantial rights in permitting appellee, over objections of appellant, to introduce incompetent evidence.

Instruction 3 is criticized because it authorized a finding for appellee for hospital and nurses' services not to exceed the sum of $302. This item of damage is properly pleaded in the petition, but it is insisted by counsel that it was not sustained by the evidence and that this feature of the instruction should have been omitted because it is shown by the evidence that appellee's wife, the mother of appellant, paid the hospital and nurses' bill. Concerning this item of alleged damage, appellee testified that he paid $302 in hospital bills besides $25 paid by his wife for the first week. His fur-

ther evidence might be construed as indicating that his wife paid the $302 hospital bill but his statements concerning the matter are not clear. In actions of this character recovery may be had for amounts shown to have been expended or incurred for hospital bills, medical treatment, etc., provided such damages are properly pleaded. Williams v. Capital Mining, Lumber & Oil Co., 152 Ky. 47, 153 S. W. 43. The word "incurred," as used in pleadings or instructions regarding medical expense, etc., paid out or incurred, means to become liable for. Flanagan v. Baltimore & O. R. Co., 83 Iowa, 639, 50 N. W. 60; Weinberg Co. v. Heller, 73 Cal. App. 769, 239 P. 358; 4 Words and Phrases, First Series, p. 3527; 4 Words and Phrases, Third Series, p. 207. While, as already indicated, appellee's evidence concerning the item of damage in question is somewhat conflicting, it is apparent that he did not mean to convey the idea that his wife paid the $302 for hospital and nurses' services. However, granting that she did, it is pleaded and proven without contradiction that appellee incurred the liability either to the hospital or to another. Without going into detail, it may be further said that the evidence warranted the submission of the item of $215 expense incurred for medical services. Objection is made to the form of instruction 3 with respect to the measure of damage, but it fairly and properly submitted that matter to the jury.

Criticism is made of instruction 1 because it did not embrace the theory of appellant's right to act "in the necessary or to him apparently necessary defense of his mother." While it is obvious that this instruction is not defective in the particular claimed, yet if it were, the defect was cured by instruction 2. It is a rule of universal application that instructions must be considered as a whole and if, when so considered, they state the law of the case, they are sufficient even though one instruction standing alone might be erroneous. Murphey's Ex'x v. Clinkinger, 244 Ky. 336, 50 S. W. (2d) 942; Otis Hidden Co. v. Newhouse, 204 Ky. 324, 264 S. W. 731; Kentucky Live Stock Insurance Co. v. McWilliams, 173 Ky. 92, 190 S. W. 697.

Concerning the alleged admission of incompetent evidence, it is first argued that the court improperly permitted appellee to detail a conversation between himself and his wife out of the presence and hearing of

appellant. It appears in evidence that a heated argument arose between appellant and appellee in the dining room while they were at breakfast, and appellee retired to an adjoining room, where he was followed by his wife and later by appellant. Appellant may not have been in the room when the conversation detailed by appellee occurred, but there is nothing to show that it was out of his hearing. On the other hand, the evidence indicates that he could have and in fact did hear what transpired between his mother and stepfather; but even if this were not so, there was nothing in the statement complained of calculated to prejudice appellant's substantial rights or to warrant a reversal.

Complaint was made concerning evidence offered by appellee to show his good reputation for peace and quietude and to show appellant's bad reputation in that respect. By the nature of the proceedings and the evidence offered by appellant who assumed the burden of proof, the reputation of the parties for peace and quietude was put in issue. In such circumstances and in cases of this character, such evidence, where there is a dispute as to who was the aggressor, is competent as bearing on that question but for no other purpose, and the court should have so admonished the jury. Stiles v. Lile, 203 Ky. 225, 262 S. W. 18. However, appellant only interposed a general objection to the evidence complained of and did not ask for an instruction or admonition limiting its effect. In Louisville & N. R. Co. v. Scott's Adm'r, 188 Ky. 99, 220 S. W. 1066, 1067, it is said:

"It is the rule in civil cases that where evidence is admissible for a particular purpose, no error can be assigned, either as to its admission or effect, where the party complaining interposed only a general objection to its admission, and did not ask for an instruction limiting its effect."

Considering the evidence as a whole in the light of the authorities cited, it is apparent that no error was committed in this particular.

Judgment affirmed.