## Martin v. Coburn.

(Decided Nov. 13, 1936.)

C. B. WHEELER for appellant.

E. J. PICKLESIMER and B. M. JAMES for appellee.

OPINION OF THE COURT BY JUDGE STITES—Affirming.

This is an appeal from a judgment of the Floyd circuit court sitting in equity. Willie Wallen, or Coburn, was the son of Sarah Wallen by her husband, Jacob Coburn. While Willie was still a small boy, his

father died, and Mrs. Coburn then married Manuel Meade, by whom she had seven children. Willie lived with his mother and stepfather in Floyd county until he was a grown man. For some reason not explained in the record, he used his mother's maiden name of Wallen, and was known as Willie Wallen instead of Willie Coburn. In 1897 Willie married Sarah Rose, and the appellant, Mary Martin, is the only child of that marriage. Some months after this marriage to Sarah Rose, Willie left Floyd county and went to Knox creek, in Pike county, to live. In April, 1899, without procuring a divorce from Sarah Rose, Willie married Oma Gooslin in Buchanan county, Va., and to this marriage was born the appellee, Myrtle Wallen Coburn. Apparently, Willie went by the name of Coburn after he left Floyd county. During the spring of 1900, while working for a lumber company, Willie was accidentally killed.

Upon the death of Willie's mother intestate, Mary Martin claimed to be the only heir of Willie and therefore entitled to his one-eighth share of his mother's estate. A suit was brought to establish Mary Martin's right to the property, and by the judgment in that suit a certain part of a large tract of land belonging to Sarah Meade, Willie's mother, was set apart to her. Thereafter, this suit was instituted by the appellee, Myrtle Wallen Coburn, asking that she be adjudged to be the owner of a one-half undivided interest in the tract of land set apart to Mary Martin. The chancellor adjudged that the appellee, Myrtle Wallen Coburn, was the legal heir of Willie and that she was therefore entitled to a one-half undivided interest in the property theretofore set apart to Mary Martin. This appeal is taken from that judgment.

It is argued for the appellant (1) that the proof is insufficient to establish that the appellee is the daughter of Willie; and (2) even if she is the child of Willie, she is illegitimate and cannot inherit from him because she is the product of a bigamous marriage.

It was shown by the testimony of Oma Gooslin, appellee's mother, that she and Willie Wallen, or Coburn, were married in 1899, and that appellee is the child of that union. Two other witnesses likewise testified to the reputed marriage between Willie and Oma, and a copy of what purports to be a marriage certificate certi-

fying to the wedding of Willie Coburn and Oma Gooslin in Buchanan county, Va., is filed in the record. All the testimony indicates that Willie Wallen of Floyd county and Willie Coburn of Pike county or of Buchanan county, Va., are one and the same person. It is urged that, since the marriage certificate is not properly certified, it is inadmissible in evidence. However, this question is really immaterial, since there was ample parol testi·mony to establish the marriage. Maryland Casualty Co. v. Chamos, 203 Ky. 820, 263 S. W. 370; Scott v. Scott, 200 Ky. 153, 252 S. W. 1019; Bartee v. Edmunds, 96 S. W. 535, 29 Ky. Law Rep. 872. We will not, therefore, disturb the conclusion of the chancellor in this regard.

By section 2098 of the Kentucky Statutes it is provided:

"The issue of an illegal or void marriage shall be legitimate, except that the issue of an incestuous marriage, found such by the conviction or judgment of a court, in the lifetime of the parties, or of a marriage between a white person and a negro or mulatto, shall not be legitimate; and where one of the parties is an idiot or lunatic, the issue shall be legitimate as to both."

It is urged for the appellant that this section does not cover a case where a bigamous marriage is contracted with full knowledge on the part of all concerned of the already existing marriage of one of the parties with another person. It is argued that this situation is controlled by section 2099 of the Statutes, providing:

"Where the marriage is contracted in good faith, and with the belief of the parties that a former husband or wife then living was dead, the issue of such marriage, born or begotten before notice of the mistake, shall be the legitimate issue of both parents."

In the case of Harris v. Harris, 85 Ky. 49, 2 S. W. 549, 8 Ky. Law Rep. 727, it was held that section 2099 was not intended to be a limitation on section 2098 or by implication to render the children of a bigamous marriage illegitimate where the contracting parties knew of the previous marriage. On the contrary, it was held that section 2099 was enacted simply out of excessive caution to legitimatize the children of a bigamous mar-

riage in a particular state of case already covered by the provisions of section 2098. It follows that Myrtle Wallen Coburn is the legitimate child of Willie Wallen, or Coburn, and that the chancellor did not err in so adjudging.

Judgment affirmed.