# Brown v. Simpson.

March 19, 1943.

Victor L. Kelley and William R. Gentry for appellant.

Ernest N. Fulton, J. Smith Barlow, Jr., and Dan S. Arnold for appellee.

OPINION OF THE COURT BY JUDGE SIMS—Affirming.

Appellee, Buford Simpson, sued appellant, Creel Brown, for damages alleged to have resulted from an assault and battery. The trial resulted in a verdict of $850 and from the judgment entered thereon Brown appeals.

As a tenant on Brown's farm in 1940, Simpson grew a crop of tobacco which was not marketed until January, 1941. Each of the parties had a one-half interest in the tobacco and the check from the first sale was made jointly to them. On the second sale Brown was not present, and Simpson directed the warehouse to make check to him for one-half the proceeds of that sale and check to Brown for the other half. Brown had guaranteed the payment of two accounts, aggregating about $45, which Simpson owed. When Simpson brought him a check for half the proceeds of the second sale of the tobacco with the information that he had paid a grocery bill and did not have sufficient money left to satisfy the accounts which Brown had guaranteed, the trouble followed out of which this suit arose.

Brown conducted a distillery and operated a farm adjacent thereto, using a room in his home as a combination living-room and office. After the sale of the tobacco on Jan. 27, 1941, Simpson and another tobacco tenant, Oscar Bevins, went into this office in Brown's home about 6 o'clock P. M. Brown was not in but presently arrived and everything was amicable until he found that Simpson had caused separate checks to be made for the proceeds of the tobacco and had only about $27 in his pocket, which was insufficient to satisfy the two accounts Brown had guaranteed. According to Simpson, Brown struck him with his fist, knocking him

to the floor, then jumped on him and proceeded to choke him until he produced the $27. Both men were 35 years of age, but Brown was big and powerful, weighing 200 pounds, while Simpson was a small man of 130 pounds.

The testimony of Brown is to the effect that he found Simpson in his home in a drunken condition and when he requested him to leave so Brown's wife, whose arrival was expected immediately, would not be excited or alarmed, Simpson became boisterous, insulting and abusive; that he took hold of Simpson to lead him from his home, whereupon Simpson resisted, slipped on a hardwood floor and Brown fell on top of him, the zipper on his jacket cutting Simpson's face. Brown denied striking Simpson or of intentionally hurting him and testified he used no more force than was reasonably necessary to eject Simpson.

The only error relied upon for reversal is that the court admitted incompetent evidence by permitting Simpson: 1. To establish his own good reputation before it was put in issue by Brown; 2. to attack Brown's reputation for peace and quietude before the latter testified; 3. to cross examine character witnesses for Brown regarding alleged acts of his misconducts having no connection with this particular difficulty; 4. to introduce pictures showing the condition of Simpson's face without requiring proof of their authenticity.

The answer after denying that Brown maliciously assaulted and battered Simpson without justification or excuse, pleaded affirmatively that Simpson entered Brown's home without invitation, became abusive and insulting and in ejecting him therefrom Brown used no more force than was reasonably necessary, and that in the struggle Simpson fell on the floor and was injured. It is patent that this amounted to a plea son assault demesne, if indeed it was not literally such a plea. By this plea Brown sought to justify his assault and battery upon Simpson, thereby raising the question as to who was the aggressor, and with the injection of this question in the case the reputation of the parties for peace and quietude was put in issue. Therefore the court correctly admitted evidence as to the general reputation of each party for peace and quietude. 4 Am. Jur. 208, Section 172; Stiles v. Lile, 203 Ky. 225, 262 S. W. 18; Bartlett v. Vanover, 260 Ky. 839, 86 S. W. (2d) 1020. Also see annotations 64 A. L. R. 1029.

Brown complains that the court should have admonished the jury that this character evidence was admitted only for the purpose of showing who was the aggressor. The answer to that argument is two fold: (a) Where character is put in issue, as it was here, evidence relative thereto is substantive and no admonition is necessary; (b) Brown only objected generally to this evidence and did not ask an admonition from the court limiting its effect, therefore he cannot complain of the court's failure to admonish the jury. Louisville & N. R. Co. v. Scott's Adm'r, 188 Ky. 99, 220 S. W. 1066; Bartlett v. Vanover, 260 Ky. 839, 86 S. W. (2d) 1020.

However, the court did admonish the jury that this evidence was not substantive, but Brown insists that the judge should have gone a step further and added that it bore only on the question as to who was the aggressor. Even if Brown were correct in this contention, which he is not, he did not complain of this admonition in his grounds for a new trial, therefore he cannot rely upon it here for reversal. Miller v. Noell, 193 Ky. 659, 237 S. W. 373. This Miller case also disposes of Brown's contention that the admonition was an instruction and the court having given it sua sponte it was incumbent upon him to give it correctly, by pointing out that an "admonition" is but an oral statement by way of advice made by the court to the jury during the trial respecting the purpose for which such evidence may be considered; while "instructions" are always written, unless the parties agree otherwise, and contain the law of the case which guides the jury in reaching a verdict.

The witnesses who testified as to Brown's good character were asked on cross-examination if they had heard of certain quarrels, assaults and fights in which he had previously engaged. It is the rule in this jurisdiction that such cross-examination is proper, not for the purpose of proving such acts, but solely to test the accuracy and credibility of the witnesses. Brown's objection to this character of cross-examination was correctly overruled and as he did not request an admonition from the court limiting the effect thereof, he cannot now complain. Had he desired such an admonition, he should have requested it and had the court refused such request, an objection should have been taken to have saved the question for review. Wright v. Com., 267 Ky. 441, 102 S. W. (2d) 376; Clair v. Com., 267 Ky. 363, 102 S. W.

(2d) 367. Also see Solomon Adm'x v. Dabrowski, 295 Mass. 358, 3 N. E. (2d) 744, 106 A. L. R. 464.

There is no merit in Brown's contention that the court erred in admitting pictures showing the condition of Simpson's face the day following the fight without first requiring proof of their authenticity. The pictures should have been identified by the person who took them, but failure to have that done was not prejudicial to appellant, hence it is not reversible error. These pictures taken the day after the fight merely showed the cuts and bruises on Simpson's face, about which there was no controversy. Again, Dr. Keith Crume, who saw Simpson the day the pictures were made, testified they correctly showed the condition of his face at that time. We have written many times that where there was no controversy as to a fact established by incompetent evidence, or by a record not duly authenticated, or where such facts were proved by other evidence which was competent, the admission of incompetent evidence is not prejudicial. McLellan v. Threlkeld, 279 Ky. 114, 129 S. W. (2d) 977; Martin v. Coburn, 266 Ky. 176, 98 S. W. (2d) 483; City of Covington v. Bowen, 191 Ky. 376, 230 S. W. 532; Consolidated Coach Corp. v. Saunder, 229 Ky. 284, 17 S. W. (2d) 233; Pfuelb v. Pfuelb, 275 Ky. 588, 122 S. W. (2d) 128.

We find no error in the record prejudicial to Brown, therefore, the judgment is affirmed.

Chief Justice Fulton not sitting.