Leonard B. PHILLIPS, Appellant,

v.

James D. MOONEY, Jr., Appellee.

No. 1865.

Municipal Court of Appeals for the
District of Columbia.

Argued Sept. 17, 1956.

Decided Nov. 2, 1956.

Evan G. Galbraith, Jr., Washington, D. C., for appellant.

Charles R. Richey, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Plaintiff, appellee here, brought an action for assault and battery, alleging that he had been maliciously and violently assaulted by defendant. Defendant answered asserting that he acted in self-defense after he had been assaulted by plaintiff, and filed a counterclaim. Each party claimed $2,000 compensatory and $1,000 punitive damages. Based on a jury verdict, judgment was entered for plaintiff for $500 compensatory and $50 punitive damages.

It is not necessary to present the factual background since we are primarily concerned with an evidentiary problem. However, it should be noted that each party testified the other assaulted him and also that there was conflicting evidence as to who was the aggressor, plaintiff claiming he was the victim of an unprovoked attack and defendant claiming he struck in self-defense.

The principal questions which require discussion relate to the cross-examination of defendant's former wife, who was called

as a witness in his behalf. She was the only eyewitness to the assault. On direct examination defendant brought out that she married him in August 1954 and divorced him approximately thirteen months later. On cross-examination she was asked, over objection, if her former husband had a violent temper. She answered, "No." She was then asked if he had done violence to her person on various occasions. She again answered in the negative. She was then shown a paper which she identified as an affidavit she had filed in her divorce proceedings in the State of Alabama. When asked if she had made the following statements in the affidavit:

> "During the time I was living with the defendant, my husband, the defendant, committed actual violence on my person attendant with danger to my life or health, or from his conduct there was reasonable apprehension of such violence. He threatened me and from his conduct toward me I was afraid to continue living with him. My husband, the defendant, has an extremely terrible temper and in arguments he has wrenched my arm,"

she replied that she had.

When questioned by the court and plaintiff's counsel as to which of the statements with respect to defendant's temper was correct, she answered, "The ones I gave here. * * *. The others are incorrect and I have a very good reason. I wish I could state the reason." The court cautioned her that it had no authority to permit her to do so and plaintiff's counsel, resuming his cross-examination, asked her again if the statements she had made in her divorce affidavit were untrue. She answered, "They were grossly exaggerated."

Defendant argues that the statements contradicted by the affidavit were irrelevant to any issue in the case and therefore not subject to contradiction by extrinsic evidence. He also argues that the affidavit was inadmissible because it was hearsay and reflected adversely on his character.

We will first consider the latter contention. The record shows that the affidavit was not introduced in evidence. However, we assume that the defendant complains of plaintiff's using the affidavit for questioning purposes and thus achieving the introduction of the witness's statements in that manner. As the trial court explained to defendant, "The only purpose of offering that testimony, * * * was for the purpose of contradicting the witness. * * * We are only concerned with the question of credibility of witnesses * * *." Where evidence is offered of prior contradictory statements made by a witness not a party to the action, it is admissible only for impeachment purposes, that is, to discredit the testimony of the witness. It is not admitted as affirmative proof of fact for any other purpose.[1] With this necessary limitation recognized, it is evident the statements in the affidavit were not offered as proof of defendant's violent temper or violent acts. Not being offered testimonially, they therefore did not violate the hearsay rule.

In support of his first argument defendant cites the general rule, with which we agree, that if inquiry on cross-examination is directed to the witness's prior contradictory statements about collateral matters, the cross-examiner is precluded from offering extrinsic evidence to contradict the collateral statements.[2] The application of this principle, however, de-

1. National Labor Relations Bd. v. Quest-Shon Mark B. Co., 2 Cir., 185 F.2d 285, certiorari denied 342 U.S. 812, 72 S.Ct. 25, 96 L.Ed. 614; United States v. Biener, D.C.E.D.Pa., 52 F.Supp. 54; Byrd v. District of Columbia, D.C.Mun.App., 43 A.2d 46; Kroplin v. Huston, 79 Cal. App.2d 332, 179 P.2d 575; Hapke v. Brandon, 343 Ill.App. 524, 99 N.E.2d 636; Salonen v. Paananen, 320 Mass. 568, 71 N.E.2d 227; Wigmore on Evidence, Vol. 3, § 1018(a) (3d ed. 1940).

2. Ewing v. United States, 77 U.S.App.D.C. 14, 135 F.2d 633, certiorari denied 318 U.S. 776, 63 S.Ct. 829, 87 L.Ed. 1145,

pends on whether the statements concern collateral matters. Professor Wigmore recites the test: "Could the fact, as to which the prior self-contradiction is predicated, have been shown in evidence for any purpose independently of the self-contradiction?" Wigmore on Evidence, Vol. 3, § 1020 (3d ed. 1940).

■■■ This guide was followed by the United States Court of Appeals for the District of Columbia in the Ewing case (supra, footnote 2), where it was also pointed out, citing Wigmore as authority, that it was not only those matters which were part of the case that could be the subject of self-contradiction, but any matter which would have been otherwise admissible in evidence.[3] Would the present facts upon which the self-contradiction was predicated, that is, those dealing with defendant's temper and acts of violence, have been admissible independently of the self-contradiction? We think so, and this is the heart of our disagreement with defendant's contention. He maintains that the prior contradictory statements were not relevant to the issues since the main issue was who was the aggressor. However, it is in just such a case where the evidence is conflicting on this point that evidence of either party's character, insofar as it reflects on his reputation for peace and quiet, is admissible as being relevant to the issue.[4]

■■■ As a general rule, in actions for assault and battery the character of neither party is an issue and cannot be the subject of attack, unless it is first attacked or supported by the adversary, or placed in issue by the nature of the proceeding itself.[5] Here, it is true, defendant made no attempt to support his own character nor did he attack plaintiff's, but the nature of the proceeding—defendant having pleaded self-defense and both parties having pleaded and testified that the other had assaulted him—put their character for peace and quiet in issue. While the evidence in question related only to defendant's character as known by his former marital partner, we think it sufficiently reflected his reputation for peace and quiet to have been of some assistance to the jury in deciding the controverted issue as to who was the aggressor, and consequently it would have been admissible for that purpose. It follows then that the facts upon which the self-contradiction was predicated were not collateral, but relevant to the issue, and therefore counsel was entitled to offer extrinsic evidence concerning them to contradict the witness.

■■■ Still another contention raised by defendant is that his former wife should have been permitted to explain the contradiction between her testimony on cross-examination and that contained in the affidavit. Where prior contradictory statements of an opposing party's witness are shown, the witness is entitled to support his credibility by explaining the circumstances under which the statements were made and his reasons for making them.[6] Here, de-

petition for rehearing denied 318 U.S. 803, 63 S.Ct. 991, 87 L.Ed. 1167; Kelly v. United States, D.C.Mun.App., 73 A.2d 232, reversed on other grounds 90 U.S. App.D.C. 125, 194 F.2d 150; Wigmore on Evidence, Vol. 3, § 1003 (3d ed. 1940).

3. See also State v. Kouzounas, 137 Me. 198, 17 A.2d 147.

4. Stanley v. Willingham, 93 Ga.App. 421, 91 S.E.2d 791; J. C. Penney Co. v. Gravelle, 62 Nev. 439, 155 P.2d 477; Breckenridge v. Drummond, 55 Okl. 351, 155

P. 555; Brown v. Crawford, 296 Ky. 249, 177 S.W.2d 1; Brown v. Simpson, 293 Ky. 755, 170 S.W.2d 345; Stiles v. Lile, 203 Ky. 225, 262 S.W. 18. Cf. Galvan v. Torres, 8 Ill.App.2d 227, 131 N.E.2d 367.

5. J. C. Penney Co. v. Gravelle, supra; Breckenridge v. Drummond, supra; Stiles v. Lile, supra; Annotation, 154 A.L.R. 121.

6. United States v. Michener, 3 Cir., 152 F.2d 880; Southern Transp. Co. v. Ash-

fendant's former wife partially explained the discrepancy when she said that the statements in the affidavit were "grossly exaggerated." Perhaps this was not a sufficient explanation but we are aware of no rule which requires opposing counsel to bring out such explanation. On the contrary, we think the burden rests on the party who has called the witness to elicit on redirect examination testimony which would explain the statements or mitigate their effect.

The record reveals that on redirect examination of the witness defendant made a general request of the court to ask questions concerning the divorce testimony which had been admitted. The trial judge explained that the purpose for offering such testimony was to contradict the witness and that he was concerned only with the question of credibility with regard to matters testified to in this suit. He further stated that the affidavit had not been admitted in evidence but had been used only for the purpose of cross-examining the witness concerning defendant's disposition and temper, and that that was the only portion of the affidavit which had been attacked. He emphasized that the divorce proceeding was not an issue which the jury could consider. Defendant then indicated he had no further questions. While the trial judge's statements may have been construed by defendant[7] to mean he could not ask any questions concerning the affidavit, it is apparent from the foregoing that the trial judge did everything in his power to point out to defendant that rehabilitation of the witness on that portion of the affidavit which had been attacked would be entirely proper. Under these circumstances we do not think defendant can now complain that his witness was deprived of her opportunity to explain.

ford, 5 Cir., 48 F.2d 191; In re Erwin's Estate, 170 Kan. 728, 228 P.2d 739; State v. Minton, 234 N.C. 716, 68 S.E.2d 844, 31 A.L.R.2d 682; Quartz v. City of Pittsburgh, 340 Pa. 277, 16 A.2d 400;

We conclude that the record presents no error on the part of the trial judge for which the judgment should be reversed.

Affirmed.

Wigmore on Evidence, Vol. 3, § 1044 (3d ed. 1940).

7. Defendant conducted his own defense.