**Fred WEAVER, Appellant,**

**v.**

**Ardeshire IRANI and Walter G. Milam, Appellees.**

**No. 3947.**

District of Columbia Court of Appeals.

Argued July 25, 1966.

Decided Oct. 3, 1966.

Gilbert R. Giordano, Temple Hills, Md., for appellant.

James S. Brocard, Washington, D. C., for appellee Irani.

Patrick J. Attridge, Washington, D. C., with whom Cornelius H. Doherty, Washington, D. C., was on the brief, for appellee Milam.

Before QUINN and MYERS, Associate Judges, and CAYTON (Chief Judge, Retired).

CAYTON, Judge.

This litigation grew out of a collision between automobiles operated by the two appellees, Irani and Milam. Milam was a Metropolitan Police officer operating his own automobile on assignment as a member of the Canine Corps. Appellant Weaver, also a member of the Canine Corps, was then on duty as such and was in the rear seat of the Milam vehicle, operating a "walkie-talkie" radio.

Weaver sued Irani and Milam for personal injuries sustained in the collision. The trial judge absolved defendant Irani of negligence, ruling that the proximate cause of the collision was the negligence of defendant Milam in entering the intersection on a red light and in making an improper turn over crosswalks. But the judge ruled that there could be no recovery against Milam under D.C.Code, § 1–925 (1961) which provides that no action of this type may be brought or maintained against an employee of the District when it is shown that such employee "was acting within the scope of his office or employment," unless the District denies his status as such. Weaver has appealed the rulings and Irani and Milam are here as appellees.

■ We hold that the trial judge was justified in ruling as he did on the question of negligence. There was a conflict in the testimony as to which vehicle struck the other; also as to the speed of the Irani vehicle at the moment of impact. Milam was traveling westbound and was making a left turn into the street on which the Irani vehicle was traveling northbound. It was testified that the traffic light facing Milam turned yellow as his vehicle was one car-length east of the pedestrian crosswalk. The judge based his finding in part on the fact that the Milam vehicle was a car-length behind the crosswalk when the traffic light turned yellow and was traveling at five to ten miles per hour, and hence the light must have been red as it entered the intersection to make its left turn. The ultimate ruling was also supported by the testimony of appellant on cross-examination that the Milam vehicle "went on to the intersection, when the light turned red." The trial judge did not rule incorrectly in resolving the conflicts in the evidence or in the inferences he drew therefrom.

As we have already said, the trial judge held that appellant could not maintain his action against Milam, an employee of the District of Columbia, for personal injuries "resulting from the operation by such employee of any vehicle if * * * the employee was acting within the scope of his office or employment." D.C.Code, § 1–925 (1961). Appellant urges that this section was not intended to apply to employees driving their own automobiles within the scope of their employment. In effect, he would have us graft onto this section language from D.C.Code, § 1–922 (1961) to substitute "vehicle owned or controlled by the District" for "any vehicle."

■ Section 922 precludes a defense of governmental immunity by the District of Columbia in particular cases of vehicular negligence by one of its employees. As we have noted, Section 925 bars a civil action against such employees in the situations there set out. Although both sections deal with governmental liability, only Section 925 deals with the personal liability of the employee. And there is nothing to indicate that Congress intended other than the words it actually used: "any vehicle."

Finally, we deal with a question of evidence. On direct examination appellant estimated the speed of the Irani vehicle at impact as at least twenty-five miles per hour. To impeach his credibility counsel for Milam confronted him with a contradictory estimate of speed made earlier to the doctor who examined him after the accident. The record of appellant's statement to the doctor was already in evidence by stipulation of counsel. Appellant contends that the court erred in not restricting the use of the hospital record to relevant medical facts, and thereby violated the hearsay rule. We cannot sustain this argument. Appellant's prior contradictory statements were received for the purpose of contradiction, not as a primary testimonial assertion relied upon to establish facts. The use of such a statement for contradiction does not violate the hearsay rule. Phillips v. Mooney, D.C.Mun. App., 126 A.2d 305 (1956); 3 Wigmore, Evidence § 1018 (3d ed. 1940).

Affirmed.