The **CITIZENS ASSOCIATION OF GEORGETOWN**, Appellant,

v.

**Joy R. SIMONSON et al., Appellees.**

**No. 22074.**

United States Court of Appeals
District of Columbia Circuit.

Argued Sept. 5, 1968.

Decided Sept. 30, 1968.

Mr. Robert C. Maynard, Washington, D. C., with whom Mr. James Murray, Washington, D. C., was on the motion, for appellant.

Mr. Frank H. Strickler, Washington, D. C., argued in opposition to the motion for summary reversal for appellee 3259 M Street, Inc.

Mr. Ted D. Kuemmerling, Asst. Corporation Counsel for the District of Columbia, with whom Messrs. Charles T. Duncan, Corporation Counsel, Hubert B. Pair, Principal Asst. Corporation Counsel, and Richard W. Barton, Asst. Corporation Counsel, were on the motion, for Joy R. Simonson and certain other appellees.

Before BAZELON, Chief Judge, and DANAHER and TAMM, Circuit Judges.

**176**

PER CURIAM:

The appellant, a non-profit corporation composed of dues-paying members who reside and own property in the Georgetown section of Washington, seeks judicial review of its claim that the members of the Alcoholic Beverage Control Board violated its governing statute in reissuing a retail liquor license to 3259 M Street, Inc., for the operation of an establishment at that address known as The Crazy Horse.[1] The District Court found that the appellant lacks standing for such a suit.

The question of standing depends primarily upon the existence of a logical and adequately direct nexus between the plaintiff's interests and the adverse action of the opposing party or parties. *See* Flast v. Cohen, 392 U.S. 83, 98–102, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968). Congress has, by directing the Board to consider "the wishes of the persons residing or owning property in the neighborhood" in issuing licenses, recognized that the operation of an establishment such as The Crazy Horse may trouble its neighbors. 25 D.C.Code § 115(a) (5) (1967). The appellant's complaint alleged that many of its members reside or own property within the neighborhood of The Crazy Horse. If so established, the required nexus would therefore be present for a suit by the neighbors. *Cf.* Wolpe v. Poretsky, 79 U.S.App.D.C. 141, 144 F.2d 505, cert. denied, 323 U.S. 777, 65 S.Ct. 190, 89 L.Ed. 621 (1944). Since the association is an authorized spokesman organized to promote these interests for its individual members, it too has standing

to sue in order to protect their interests.[2]

Reversed and remanded.

---

1. Specifically, the appellant claims that the Board acted illegally in reissuing the license by erroneously finding that the establishment was a bona fide restaurant under 25 D.C.Code §§ 103(n), 111(g) (1967), and that the Board acted arbitrarily and capriciously in its consideration of the objections of persons residing or owning property in the neighborhood, thereby violating 25 D.C.Code 115(a) (5) (1967).

2. *See* NAACP v. Button, 371 U.S. 415, 428, 83 S.Ct. 328, 9 L.Ed.2d 405 (1963); NAACP v. State of Alabama, 357 U.S. 449, 78 S.Ct. 1163, 2 L.Ed.2d 1488 (1958); MacArthur Liquors, Inc. v. Palisades Citizens Ass'n, 105 U.S.App. D.C. 180, 265 F.2d 372 (1959); Amalgamated Meat Cutters and Butcher Workmen of North America v. Rogers, 186 F. Supp. 114 (D.D.C.1960); Archbold v. McLaughlin, 181 F.Supp. 175 (D.D.C. 1960); cf. Office of Communication of United Church of Christ v. FCC, 123 U. S.App.D.C. 328, 359 F.2d 994 (1966).