Calvin A. JEFFERSON, Appellant,

v.

UNITED STATES, Appellee.

No. 7968.

District of Columbia Court of Appeals.

Argued Aug. 15, 1974.

Decided Nov. 21, 1974.

R. Timothy Hanlon, Washington, D. C., appointed by this court, for appellant.

Raymond J. Coughlan, Jr., Asst. U. S. Atty., with whom Earl J. Silbert, U. S. Atty., John A. Terry and Peter O. Mueller, Asst. U. S. Attys., were on the brief, for appellee.

Before KELLY and KERN, Associate Judges, and PAIR, Associate Judge, Retired.

PER CURIAM:

Appellant was convicted of assault with a dangerous weapon and carrying a pistol without a license.[1] In support of his argument on appeal that he is entitled to a new trial, he asserts that the trial court erred in refusing to admit into evidence for scrutiny by the jury a prior inconsistent statement made by the complaining witness.[2] Although we agree that the exclusion of the statement was error, it was not of sufficient magnitude to require a new trial, and we affirm the judgment of conviction.

Appellant was alleged to have fired several pistol shots at the complaining witness, Mrs. Monroe. The evidence adduced at trial consisted primarily of the testimony of the three eyewitnesses to the incident: Mrs. Monroe, Victor Morse, her boyfriend and companion at that particular time, and appellant. While the testimony of the three witnesses was inconsistent in substantial respects, Mrs. Monroe and Morse both agreed that appellant was responsible for the shooting.[3]

1. These acts are in violation of D.C.Code 1973, §§ 22–502 and 22–3204 respectively.

2. The entire statement was *read* to the jury.

3. Appellant claimed that Mrs. Monroe had fired shots at him.

A written statement given by Mrs. Monroe to the United States Attorney's Office prior to her appearance before the grand jury, although asserting that appellant had fired the shots, contradicted her account at trial of certain of the events leading up to the shooting. This statement was read in full by Mrs. Monroe to the jury, and was used extensively by defense counsel in her cross-examination. The witness' response when confronted with the statement was confused, but she did not deny its truth.

At the close of his case, appellant duly moved the admission into evidence of the statement itself as a defense exhibit. Relying on Williams v. United States, 131 U.S.App.D.C. 153, 403 F.2d 176 (1968), appellant claims prejudicial error in the refusal of the trial judge to grant the motion. In *Williams*, the federal Court of Appeals for this Circuit held that a written prior inconsistent statement of a witness which had been successfully used on cross-examination to persuade the witness to change his testimony should have been admitted into evidence. The court agreed

with the defendant in that case that he was entitled to the close attention which the jury could give to the inconsistency by taking the document into the jury room. *Id.* at 156, 403 F.2d at 179.[4] Since *Williams* is the law in this jurisdiction, *see* M.A.P. v. Ryan, D.C.App., 285 A.2d 310, 312 (1971), the trial judge was required to follow it.

 We conclude, however, that the error in this case was harmless.[5] In *Williams* itself, the error was held to be harmless, since the testimony of the witness was not deemed damaging to the defendant, and the fact of inconsistency was well known to the jury. 131 U.S.App.D.C. at 156, 403 F.2d at 179. In the instant case we recognize that the credibility of the complaining witness was a substantial issue. Nonetheless, we find that the evidence relevant to credibility was sufficiently placed before the jury[6] and it was well aware of the existence and content of the prior statement. Accordingly, the judgment must be and is

Affirmed.

4. *Williams* is based on Gordon v. United States, 344 U.S. 414, 73 S.Ct. 369, 97 L.Ed. 447 (1953), holding that the defendant there was entitled to the production by the government of prior inconsistent statements made by its key witness. The court went on to decide, however, that the statements would be admissible even though the witness had acknowledged their existence since the documents themselves would "emphasize the contradiction to the jury," and "best inform them of the document's impeaching weight and significance." *Id.* at 421, 73 S.Ct. at 374.

5. We are unpersuaded by appellant's contention that the error was of constitutional dimension, interfering with his right to have questions of credibility and of the weight of the evidence decided by the jury, and thus bringing the reasonable doubt standard of Chapman v. California, 386 U.S. 18, 87 S.Ct.

824, 17 L.Ed.2d 705, rehearing denied, 386 U.S. 987, 87 S.Ct. 1283, 18 L.Ed.2d 241 (1967), into play. Failure to receive the statement into evidence in no way deprived the jury of its power to determine the credibility of the complaining witness, for the fact and nature of the inconsistencies in her testimony were fully presented.

6. The rule is well established in this jurisdiction that a prior inconsistent statement is admissible only to impeach the credibility of the witness. It is not to be used as affirmative proof of its contents. Byrd v. District of Columbia, D.C.Mun.App., 43 A.2d 46, 48 (1945); Jones v. United States, 128 U.S. App.D.C. 36, 40, 385 F.2d 296, 300 (1967). Prejudice to appellant can occur, therefore, only if the court's error may have impeded jury's full assessment of Mrs. Monroe's credibility.