**Vita B. WEBSTER, Appellant,**

v.

**M. LOEB CORPORATION, Appellee.**

**No. 13020.**

District of Columbia Court of Appeals.

Submitted Feb. 27, 1979.

Decided March 22, 1979.

Herbert Lipsitz and Martin Mendelsohn, Washington, D. C., were on the brief for appellant.

David F. Grimaldi, Richard W. Galiher, William H. Clarke, Frank J. Martell and William J. Donnelly, Jr., Washington, D. C., were on the brief for appellee.

Before KELLY and KERN, Associate Judges, and PAIR, Associate Judge, Retired.

PER CURIAM:

This is an appeal from a judgment entered by the trial court in favor of appellee notwithstanding the jury's verdict for appellant in the amount of $6,000. Appellant filed her complaint for personal injuries allegedly suffered as a customer in appellee's store when "an employee of the defendant [appellee] while driving a motorized truck therein, negligently and carelessly operated said vehicle causing it to run over the foot of plaintiff [appellant]."

The trial court in its post-verdict Memorandum and Order, correctly stated that the judgment n. o. v. "shall be awarded only when, viewing the evidence and all reasonable inferences in the light most favorable to the party who secured the jury verdict, no juror could reasonably reach a verdict for the opponent of the motion." The trial court, concluding there was sufficient evidence of appellee's negligence, went on to identify "the only issue which remains to be decided [as] whether or not the evidence presented concerning the possible contributory negligence of the plaintiff [appellant] was such that no juror could reasonably have reached a verdict for the plaintiff."

The transcript reflects that appellant testified she entered a small refrigerated room maintained by appellee for shoppers to purchase dairy products from its shelves. An employee of appellee driving a fork lift truck entered the same room and deposited on the shelves groceries it was carrying.

Appellant's direct testimony as to what next occurred was:

Q. As the fork lift entered the refrigerated room, what did you do?

A. When I saw the fork lift entering, I had just deposited some groceries on my cart. I saw it entering; so I stood behind where my cart was, right over there (indicating), and waited for him to enter and deposit his wares.

Q. And what did you observe him do?

A. He deposited his wares, and then he—I observed him backing the fork lift back toward the entrance.

\* \* \* \* \* \*

A. Well, I saw him backing out, and I looked and saw that the prongs or forks, I guess is the proper term, were clear of the area right in front of me, and I stepped out and went across the aisle to pick up some butter or margarine which was the next item on my list. But before I got my wares, I was struck by the truck. . . .

Appellant's cross-examination, produced the following testimony:

Q. And my question to you at this time is after this fork lift truck had gone by you, did you at that time, before you made your move to go across the room, make any effort to look to see where the fork lift truck was?

A. Yes; I did.

Q. And tell us, if you would, what you did in that regard.

A. Well, I was standing on the side. My work was obstructed by the fact that the fork lift was in there doing its business. So I waited on the side while he deposited his wares and backed toward the entrance going out of the refrigerated room; and I looked to make sure he had completely cleared the area that I had to enter in order to continue my shopping.

\* \* \* \* \* \*

Q. You assumed the truck was leaving the room; is that correct?

A. Yes; he was going toward the entrance.

Q. Now, when you made that assumption, was your back to the aisle; in other words, when this fork lift went by you, did it go by your back?

A. No; I was facing it. I was looking at it.

Q. And as you were facing it, was it going from your right to your left or your left to your right?

A. It was going from my right to my left.

Q. And it passed you?

A. Yes.

Q. Did you look to your left before you stepped into the aisle?

A. Before I stepped into the aisle, I looked to make sure the area straight ahead of me was clear.

\* \* \* \* \* \*

Q. Going back to my original question, before you stepped into the aisle, did you look to your left to see whether this truck had indeed gone out of the room or whether it was coming towards you?

A. I looked and saw the truck was going out towards the entrance and that there was no obstruction in front of me.

The trial court, in granting the judgment n. o. v., stated:

The precise question is: was the plaintiff [appellant] negligent in stepping into the path of the lift as it had backed out past her *without looking, on the assumption that the lift would continue to back out*—did she have a right to assume it was going to continue to back out? It seems to me that answer would have to be that she was negligent because she did not have any right to assume it was going to continue to back out. (Emphasis added.)

Our review of the court's ruling requires us to note particularly (a) appellant's testimony that (1) she was facing *toward* the fork lift truck as it passed down the aisle across her path from her right to her left and (2) that before stepping into

the cross aisle she "looked to make sure the area straight ahead of [her] was clear", and (b) her further testimony, when questioned on cross-examination: "[D]id you look to your left to see whether this truck had indeed gone out of the room or whether it was coming towards you," that "I looked and saw the truck was going out towards the entrance and that there was no obstruction in front of me."[1] Given this testimony, we are not persuaded it is correct to conclude that appellant assumed the truck was leaving the room and stepped into the cross-aisle *without first looking to see whether it was clear.* Accordingly, we are not persuaded upon this record that "no juror could reasonably have reached a verdict for the plaintiff [appellant]." Hence, we are obliged to reverse the court's judgment notwithstanding the verdict and direct entry of the jury's verdict.

*So ordered.*

[1] In considering whether the evidence warranted a judgment for appellee notwithstanding the jury's verdict for appellant, we do not consider appellant's statement in her pretrial deposition that appeared to conflict with her testimony at trial that she "looked left." Such a prior inconsistent statement by a witness is admissible at trial only to impeach the credibility of the witness and not as proof of the matter asserted, *i. e.,* that she *neglected* to look to her left. *Jefferson v. United States,* D.C.App., 328 A.2d 85, 86 n.6 (1974); *Weaver v. Irani,* D.C.App., 222 A.2d 846, 848 (1966); *Phillips v. Mooney,* D.C.Mun. App., 126 A.2d 305, 307 (1956). The pretrial statement therefore need not be weighed with the other evidence bearing on the issue of appellant's asserted contributory negligence.