Peter ROSE, Appellant,

v.

UNITED STATES, Appellee.

No. 04–CO–434.

District of Columbia Court of Appeals.

Argued Feb. 2, 2005.
Decided Aug. 4, 2005.

Amy A. Wuliger–Knee, for appellant.

Jocelyn S. Ballantine, Assistant United States Attorney, with whom Kenneth L. Wainstein, United States Attorney, and Lisa H. Schertler, John R. Fisher, and Roy W. McLeese, III, Assistant United States Attorneys, were on the brief, for appellee.

Before WAGNER, Chief Judge, and FARRELL and RUIZ, Associate Judges.

RUIZ, Associate Judge:

Appellant challenges the trial court's denial of his motion, made pursuant to Criminal Rule 118, to seal the records of his arrest in January 1999. Following an evidentiary hearing, the trial court concluded that appellant had not met his burden of proving, by clear and convincing evidence, that he had not committed a crime, and thus was not entitled to relief under Rule 118. *See* Super. Ct.Crim. R. 118. Appellant contends that the trial judge erred in applying the wrong legal standard and in failing to consider the possibility that the assault, if committed, was in self-defense. He also claims that the trial judge abused his discretion in excluding from evidence testimony which would have established his reputation for veracity and for peacefulness. Although there is some merit to one of appellant's evidentiary challenges, we conclude that any error was harmless, and, accordingly, affirm.

## I.

In January 1999, appellant was arrested and charged with the robbery of Ismael Diare, a cabdriver who claimed that appellant had punched him in anger after Diare had mistakenly taken a less-than-direct route to appellant's home in Northern Virginia. After a preliminary hearing, the court found no probable cause for the arrest and dismissed the robbery charge. Thereafter, the government charged appellant by information with two misdemeanors, simple assault and taking property without right. The government subsequently entered a *nolle prosequi* to these charges in March 2001, and appellant filed a motion under Criminal Rule 118 for the sealing of the records relating to his arrest. During the hearing on the motion, Diare claimed that appellant assaulted him, whereas appellant and William Natter, a friend who accompanied

him that night, claimed that Diare had, without provocation, turned around and punched appellant after he complained about the circuitous route the cabdriver was taking. In addition to the testimony of the three men involved in the altercation, the trial court heard evidence which tended to support or refute the stories given by the three involved, as well as witnesses called to support appellant's credibility and peaceful character.

The judge ruled that appellant had not shown by clear and convincing evidence that he had not committed a crime:

> There is much to be believed and disbelieved on both sides. There really are. But one thing that I'm unable to believe based on listening to the witnesses, and that is I'm unable to accept the notion that there was no physical action taken by Mr. Rose with respect to this incident. I come to that conclusion because, first of all, it's sort of not common sense; but secondly, there's the information that his knuckles were bruised. And finally, I guess just as a matter of credibility, the manner in which it is alleged that Mr. Diare, quote, "set this up" is not believable to me.
>
> Were I to be ruling on this case as a regular criminal case, I don't have any reason to say anything other than that I would say that there is not proof beyond a reasonable doubt. There's no question that I would say that. No question that I would say that. But that's not what I'm asked to rule on.
>
> And do I believe that there was no offense committed by Mr. Rose beyond a reasonable doubt—not beyond a reasonable doubt—by a preponderance of the evidence? I mean, I can't say that. I can't say that because I am not convinced of his candor and accuracy of his perception, for that matter, with respect to these events. I do not believe that this record supports a clear and convinc-

ing conclusion that he was, without provocation, physically attacked and that that's what happened. I can't conclude that. So I don't. I don't know what happened that night. But I know I cannot reach a conclusion by clear and convincing evidence.

> ... with respect to "clear and convincing" and "preponderance of the evidence," it really doesn't matter which I use, even though the correct standard is clear and convincing, because I would not come to this conclusion by a preponderance of the evidence either. Why? Because I cannot reach the 51 percent. I cannot reach the 51 percent.

## II.

### A. Rule 118

■ If a person has been arrested for a criminal offense, but the prosecution is terminated before trial, that person may request to have the arrest records sealed. *See* Super. Ct.Crim. R. 118(a); *District of Columbia v. Hudson,* 404 A.2d 175, 181 (D.C.1979) (en banc). Such movants are entitled to relief if "the Court finds by clear and convincing evidence that the offense for which the movant was arrested did not occur or that the movant did not commit the offense." Super. Ct. Crim. R. 118(e). Relief may not be granted, however, if it is shown that the movant committed some criminal act, though not necessarily the one originally charged. *See Villavicencio v. United States,* 755 A.2d 436, 438 (D.C.2000) (noting that a person seeking relief under Rule 118 has the burden of showing that "no crime had in fact been committed [by him] at the time of his arrest") (quoting *Hudson,* 404 A.2d at 179). Although a Rule 118 proceeding considers whether a criminal offense has been committed, because the movant seeks equitable relief, the proceeding is ultimately civil in nature and

the protections afforded the accused in a criminal proceeding do not pertain. *See Hudson,* 404 A.2d at 179 n. 6 (holding that "the presumption of innocence in a criminal prosecution has no place in a civil proceeding in which the movant is seeking equitable relief"). The person seeking relief has the ultimate burden of proof to show, by clear and convincing evidence, that he committed no crime. *See id.* at 179. Clear and convincing evidence is that which should "produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established." *Id.* at 179 n. 7 (quoting *In re Estate of Soeder,* 7 Ohio App.2d 271, 220 N.E.2d 547, 574 (1966)). "Judicial decisions under Rule 118 constitute findings of fact," and are therefore reviewed for clear error. *District of Columbia v. Davis,* 811 A.2d 800, 802 (D.C.2002); *see* D.C.Code § 17–305(a) (2001) (a finding of fact in a bench trial is binding on this court unless "plainly wrong or without evidence to support it").

## B. Self–Defense

■ Appellant claims that the trial judge erred in failing to consider the fact that even if he did hit Diare, he did so in self-defense, and therefore he did not commit a crime. We disagree with the government's initial contention that appellant is precluded from making a self-defense argument because he denied ever hitting Diare. Even where the accused maintains that he did not commit an assaultive act, he is still allowed to submit, as an alternative argument, that if the finder of fact disbelieves his factual testimony and finds that he did hit the victim, he is nonetheless not guilty on the theory that he did so in self-defense. *See Wilson v. United States,* 673 A.2d 670, 673 (D.C.1996); *Guillard v. United States,* 596 A.2d 60, 63 (D.C.1991). The government also argues that because appellant did not claim self-defense in the trial court, our review should be solely for

plain error. Even though appellant did not claim during the hearing that he struck Diare in self-defense, the central issue for the judge was whether appellant struck Diare, and whether this assault was a criminal act. On this record, we conclude that self-defense was implicitly considered—and rejected—by the trial judge.

The judge was presented with conflicting testimony: Diare maintained that he was grabbed from behind by one of his passengers while the other alighted from the car, came around to the driver's side window, and beat him about the head and chest. Appellant testified that it was Diare who punched him in the face, then pulled him into the cockpit of the vehicle and beat him some more, and that after appellant was able to exit from the car, Diare kicked him in the face. Appellant was steadfast that all the while he never responded in kind. An investigating officer had noticed, however, that appellant's knuckles were bruised the morning following the altercation. And it was undisputed that Diare had called the police immediately after the fight, whereas appellant did not report an assault.

■ The judge resolved this conflict against appellant stating that, "I am not convinced of [appellant's] candor and accuracy of his perception, for that matter, with respect to these events. I do not believe that this record supports a clear and convincing conclusion that he was, *without provocation,* physically attacked and that that's what happened." (Emphasis added). Thus, the judge not only disbelieved appellant's contention that he never punched Diare, but also did not believe that he hit Diare in response to the latter's aggression. This decision, based on the judge's assessment of credibility, is beyond the purview of appellate review. *See Mihas v. United States,* 618 A.2d 197, 200 (D.C.1992). In criminal cases, where the

burden rests with the government and not the accused, if the sole evidence is the conflicting testimony of the accused and the accuser, the judge is permitted to reject a proffered self-defense argument. *See Snell v. United States,* 754 A.2d 289, 290–91 (D.C.2000) (affirming the conviction where "the judge credited complainant's testimony, rather than appellant's, where their respective stories diverged, and ruled not only that appellant's actions met the requirements for simple assault but also that the government had proved, beyond a reasonable doubt, that appellant had not acted in self-defense"). In this case, appellant had a tougher row to hoe, in that the burden of proof rested with him. According to the judge, appellant had "not even come close" to meeting his evidentiary burden of showing innocence by clear and convincing evidence.[1]

### C. Evidentiary Rulings

Appellant objected to three evidentiary rulings of the trial judge, which (1) prohibited testimony as to appellant's reputation for veracity and peacefulness; in his case in chief (2) did not allow a rebuttal witness to testify about appellant's reputation for truth and veracity; and (3) prohibited a witness from testifying on re-direct examination as to appellant's reputation for peace and good order. He also claims, for the first time on appeal, that the trial judge plainly erred in not allowing testimony which would have exposed Diare's bias. Of these arguments, only the claim with respect to testimony as to appellant's reputation for peacefulness raises a substantial question; but we conclude that, even if the judge's ruling was erroneous, any error was harmless, and thus there was no abuse of discretion.

#### 1. *Reputation for peace and good order*

Walter Fischer had known appellant in a professional context for over thirteen years. When counsel questioned Fischer about appellant's reputation for peace and good order, the trial judge sustained an objection to the question, ruling that "the only issue with respect to Mr. Rose is whether or not he was assaulted that night and no other issue with respect to his, quote, assaultive behavior or peace and good order is relevant."

▆▆▆▆ "Relevant evidence is 'that which makes the existence or non existence of a [contested] fact more or less probable' than it would be without the evidence." *Jones v. United States,* 739 A.2d 348, 350 (D.C.1999) (quoting *Punch v. United States,* 377 A.2d 1353, 1358 (D.C.1977)). To be relevant, the evidence must be related logically to a material fact sought to be proven, and adequately probative of the fact it tends to establish. *See id.* A trial court's rulings as to relevance, as with other evidentiary rulings, are within the court's sound discretion and will be upset "only upon a showing of grave abuse." *Brown v. United States,* 763 A.2d 1137, 1139 (D.C.2000) (quoting *Taylor v. United States,* 661 A.2d 636, 643 (D.C.1995)).

▆▆▆▆ The defendant in a criminal proceeding "is generally allowed to raise at trial character traits which are antithetical to the charged offense." *Hack v. United States,* 445 A.2d 634, 642 (D.C.1982). This allows admission of evidence concerning "abstract qualities which reflect one's general and permanent moral character." *Id.* Courts enjoy discretion, however, to exclude "evidence of the defendant's specific

---

1. Appellant contends that the trial court did not apply the proper legal standard. Although the trial judge expressed that what he was being asked to do was "so unnatural to me", the record of the judge's oral ruling makes clear that the judge recognized that his role was to find whether appellant had proved, by clear and convincing evidence, that he had committed no crime.

acts or courses of conduct to show that he did not commit the particular act or acts with which he is charged." *Id.* at 643 (citing *Michelson v. United States*, 335 U.S. 469, 477, 69 S.Ct. 213, 93 L.Ed. 168 (1948)).

■■■ The general rule in civil cases for assault and battery, on the other hand, is that "the character of neither party is an issue and cannot be the subject of attack, unless it is first attacked or supported by the adversary." *Phillips v. Mooney*, 126 A.2d 305, 308 (D.C.1956). We have previously held, however, that in a civil action which considers whether an assault has occurred, a litigant who claims that he was not the aggressor may present evidence of his or her peaceful nature, because character is "placed in issue by the nature of the proceeding itself." *See id.*; *District of Columbia v. Thompson*, 570 A.2d 277, 299 (D.C.1990). In *Phillips* the court noted that—as in the instant case—"each party testified that the other assaulted him and also that there was conflicting evidence as to who was the aggressor." 126 A.2d at 306. The defendant called his ex-wife as a character witness, who testified he had a peaceful temperament. *See id.* at 307. The court held that, although the defendant's character had not been challenged, his ex-wife's testimony about his peaceful character was nevertheless admissible because of the nature of the action: the "defendant having pleaded self-defense and both parties having pleaded and testified that the other had assaulted him—put their character for peace and quiet in issue." *Id.* at 308.[2]

*Phillips* was relied on in *Thompson*, which considered a variety of civil claims made by a former employee of the District of Columbia library system stemming from the termination of her employment. *See Thompson*, 570 A.2d at 299. In contention was whether the employee had been assaulted by her former supervisor, or whether the supervisor had responded to the employee's attacks in self-defense. In this context, the court concluded it was error to exclude evidence of the supervisor's peaceful character, and the employee's prior acts of violence, concluding that:

> In the present case, both as to Thompson's claim of assault and battery and as to Maury's counterclaim of assault and battery, neither party claimed self-defense. But, both parties claimed the other party initiated the assault. Thus, the issue at trial was, "Who was the aggressor?" The trial court erred by not admitting evidence of Thompson's threats and assaults of her coworkers and, further, by not admitting evidence of Maury's peaceful character. Since the evidence at trial of Thompson's and Maury's alleged assaults of each other consisted mainly of the testimony of Maury and Thompson, making the issue essentially one of credibility, the error was not harmless. It warrants reversal and remand for a new trial on the assault claims.

*Id.* at 299–300 (citing *Montgomery v. Dennis*, 411 A.2d 61 (D.C.1980) (reversing and remanding where evidence corroborating appellant's testimony that he had been assaulted was excluded)).

■■■ In this case, even though appellant did not claim self-defense, the trial court found that appellant had acted "without provocation," *i.e.*, that he was the aggressor. The nature of the proceeding

---

2. The ex-wife's testimony was, in turn, countered by the plaintiff, who sought to introduce her previous contradictory assertion, made in an affidavit filed in a divorce action, that her then-husband "has an extremely terrible temper." *Phillips*, 126 A.2d at 307. That statement, as well, was similarly relevant, and admissible extrinsic evidence on a non-collateral issue. *See id.* at 308.

having put appellant's character at issue, the judge erred in concluding that Fischer's testimony as to appellant's reputation for peacefulness was irrelevant.

We are satisfied, however, that this error did not cause prejudice requiring reversal for abuse of discretion. *See Johnson v. United States,* 398 A.2d 354, 366 (D.C.1979) (prejudice is a necessary component of abuse of discretion). While credibility was a central issue, and the trial judge eventually disbelieved appellant's version of what happened, there was evidence—apart from the excluded testimony about appellant's peaceful character—that corroborated his claim. In evaluating appellant's credibility, the judge noted that his story was consistent in that it had not changed during the pendency of the case, and that it was corroborated by his companion. *See Cooper v. United States,* 353 A.2d 696, 704 (D.C.1975) (noting that there was no reversible error, even though relevant and admissible character evidence was wrongfully excluded, because there was other evidence of good character, including a corroboration of the accused's story). Even so, the trial judge, as the finder of fact, found that appellant had failed to prove his case by even a preponderance of the evidence because his account was "not common sense." On this record, we doubt that the trial judge would have been persuaded to the requisite level of clear and convincing evidence by the introduction Fischer's testimony about appellant's peaceful character. Thus, we conclude that the trial judge's ruling does not require reversal.[3]

### 2. *Reputation for truthfulness*

Fischer was also questioned as to appellant's reputation for truth and veracity, but the trial judge sustained an objection to this testimony, ruling that Rose's "credibility has not been challenged and that's what it takes to raise that issue at trial." A defendant in a criminal proceeding is given wide latitude to place the evidence of his good reputation for truthfulness into evidence, particularly when his credibility is besmirched. *See Cooper,* 353 A.2d at 703–04 ("[W]here, as here, it is reasonable to conclude that the credibility of the accused may play a determinative role in the jury's decision, it is error to bar competent testimony as to a defendant's reputation for truthfulness."). This rule is

---

**3.** The appellant also called John Massoud, who testified on direct examination solely about Massoud's impressions of Diare. He was cross-examined concerning Massoud's affiliation with another cab company that appellant patronized. On re-direct examination, counsel asked Massoud about appellant's reputation as a passenger for peace, good order, and stability. The trial judge sustained the government's objection to this questioning.

Unlike Fischer's proffered testimony, Massoud's testimony on rebuttal was excluded by the hearing judge not on relevance grounds, but because it was outside the scope of cross-examination. "Redirect examination is limited to matters which were first raised on cross-examination, to which the opposing party is merely responding on redirect." *Brown,* 763 A.2d at 1140 (quoting *Dobson v. United States,* 426 A.2d 361, 365 (D.C.1981)).

It may therefore explain, avoid, or qualify "the new substantive facts or impeachment matters elicited by the cross examiner." *Id.* (quoting 1 McCormick on Evidence § 32, at 119–20 (John W. Strong ed., 5th ed. 1999)). Delineating the proper "scope of redirect examination rests within the sound discretion of the trial court and will not be reversed absent a clear showing of abuse." *Carpenter v. United States,* 635 A.2d 1289, 1293 (D.C.1993) (citing *Hairston v. United States,* 497 A.2d 1097, 1103 (D.C.1985)). The only substantive fact addressed in the brief cross-examination of Massoud was the fact that appellant was a long-term customer of Massoud's cab company. As appellant's reputation for peacefulness had not been raised on cross-examination, the trial judge did not abuse discretion in excluding this testimony as being outside the scope of re-direct examination.

particular to criminal trials, where the defendant "may elect to raise any character trait antithetical to the charged offense, or may assert in proper circumstances a general reputation for honesty, veracity, or being peaceful and law-abiding." *Id.* at 703; *see generally* 1A JOHN HENRY WIGMORE, EVIDENCE IN TRIALS AT COMMON LAW § 56, at 1161 (Peter Tillers ed., rev. 1983) ("[A] defendant may offer his good character to evidence the improbability of his doing the act charged."). Such evidence may take the form of both reputation and opinion. *See Rogers v. United States,* 566 A.2d 69, 73 (D.C.1989) (en banc). In contrast, a civil litigant may not introduce evidence of his or her veracity until this trait has been directly attacked by the opposing party. *See R & A, Inc. v. Kozy Korner, Inc.,* 672 A.2d 1062, 1074 (D.C. 1996) (noting that evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked) (citing FED. R. EVID. 608(a)). Merely presenting a differing version of events, however, is not necessarily considered an attack on the character of the party espousing a contrary version, so as to allow that party to introduce evidence of his reputation for veracity. *See, e.g., Stokes v. Delcambre,* 710 F.2d 1120, 1129 (5th Cir.1983); 4 JACK B. WEINSTEIN & MARGARET A. BERGER, WEINSTEIN'S FEDERAL EVIDENCE § 608.12[4][a] (Joseph M. McLaughlin ed., 2d ed. 2005) ("Most courts do not view contradiction of one witness's testimony by other witnesses as an attack on character.").

■ The civil nature of a Rule 118 proceeding is therefore determinative in evaluating whether the trial judge erred in refusing to admit the proffered evidence of appellant's reputation for truthfulness. Had this been a criminal prosecution, appellant would have been entitled to introduce evidence of his reputation for truthfulness and veracity even if it had not been directly challenged. *See Cooper,* 353 A.2d at 704. As this was a civil proceeding, however, appellant could not introduce testimony of his good reputation for truthfulness until it had been directly attacked. *See R & A, Inc.,* 672 A.2d at 1074. Fischer was called in appellant's case-in-chief, before his credibility was even called into question by Diare's account. Appellant did not seek to call Fischer as a rebuttal witness. Therefore, even assuming that Diare's conflicting account were to be considered an attack on appellant's character for truthfulness,[4] the trial court did not abuse its discretion in concluding that Fischer's testimony—when offered—was irrelevant.[5]

### 3. *Bias*

In his cross-examination of Diare, appellant inquired into events surrounding Diare's previous termination from another cab company, Blue Top Cabs. Appellant's counsel proffered that, upon being fired by Blue Top Cabs, Diare threatened to "blow up" the company, and otherwise threatened violence against his former employer. At trial, appellant sought to question Diare about this incident in order to show that

---

4. This is a generous assumption, for in excluding Fischer's character testimony, the trial court commented that appellant had not been called "a liar."

5. Appellant vaguely offered an unnamed rebuttal witness—that he says on appeal would have been Officer Scott—to testify as to his reputation for truth and veracity. The trial judge similarly disallowed this testimony reasoning that, because the appellant's truthfulness had not been challenged, evidence of his good reputation for veracity was irrelevant. As appellant's credibility was called into question only by Diare's conflicting testimony, we cannot say that the judge abused discretion in concluding that appellant's truthfulness had not been attacked in a manner sufficient to allow him to introduce evidence of his reputation for veracity.

Diare had been impulsive and violent in the past, making it more likely that he was the first aggressor in their altercation. He did not, however, mention that this questioning would expose Diare's bias. Noting that the proffered prior incidents, being three years old, were stale, and showed past dealings with employers and co-workers, which did little to elucidate Diare's past dealings with customers, such as appellant the judge excluded the testimony as irrelevant. Appellant does not challenge this ruling on appeal, but makes a new argument: that evidence of Diare's past behavior was probative of his bias because the cabdriver would have harbored a reasonable fear of losing another job, and therefore was motivated to shade his testimony so that appellant, and not he, was pegged as the belligerent party. Because this issue was not raised at trial, we review for plain error. *See United States v. Olano,* 507 U.S. 725, 732–34, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (defining plain error as that which is obvious or plain, affects substantial rights, and results in a miscarriage of justice or seriously effects the fairness and integrity of the trial).

■■■ "Bias" refers generally to "all forms of partiality which may be proven by extrinsic evidence," and is present, inter alia, when a witness has a general willingness or motivation to testify falsely on the stand. *See In re C.B.N.,* 499 A.2d 1215, 1219 (D.C.1985) (citing authorities). "Bias or testimonial motivation is always a proper subject of cross-examination," *Clayborne v. United States,* 751 A.2d 956, 962 (D.C.2000), and is "particularly important where, as here, the credibility of the key government witness is the central factor to be weighed by the trier of fact." *C.B.N.,* 499 A.2d at 1218; *see generally* 1 McCormick on Evidence § 39, at 144 ("Partiality, or any acts, relationships, or motives reasonably likely to produce it, may be proved to impeach credibility."). A party seeking

to introduce evidence probative of bias must first lay a "proper foundation [which] includes a 'proffer [of] some facts which support a genuine belief that the witness is biased in the manner asserted .... In addition, the attorney must proffer facts sufficient to permit the trial judge to evaluate whether the proposed question is probative of bias.'" *Guzman v. United States,* 769 A.2d 785, 790 (D.C.2001) (quoting *Brown v. United States,* 683 A.2d 118, 124–25 (D.C.1996)). Once such a foundation has been laid, the trial judge has discretion to determine whether the proffered evidence is probative of bias, *see Coles v. United States,* 808 A.2d 485, 490 (D.C.2002) (quoting *White v. State,* 324 Md. 626, 598 A.2d 187, 194 (1991)), and the proponent has the burden of ultimately showing that the proffered evidence is relevant to bias. *See id.* (citing *Chambers v. State,* 866 S.W.2d 9, 26–27 (Tex.Crim.App. 1993)).

■■■ In this case, because the relevance of the proffered evidence to Diare's bias was never suggested by appellant, the judge did not rule whether the proffer would support cross-examination for bias. As noted by the trial judge in connection with another evidentiary ruling, however, Diare's termination from his previous job had taken place three years before the assault for which appellant was arrested. Thus, the argument made on appeal, that Diare would have been motivated by that experience to lie in court in order to protect his present employment, was not so plain or obvious that the trial judge should have raised it *sua sponte;* nor do we think, in light of the appellant's high burden under Rule 118, and the judge's comment that appellant's version did not make common sense, that the trial court's failure to consider the now-suggested bias theory resulted in a manifest injustice.

For the foregoing reasons, the judgment is

*Affirmed.*