**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PETER ROSE, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Civil Action No. 07-0926 (RWR[1]) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**MEMORANDUM**

Peter Rose brought this action under 42 U.S.C. § 1983, seeking a declaration that the

District of Columbia Superior Court Criminal Rule 118, related to the sealing of an arrest record,

is unconstitutional. Rule 118 sets out the procedures for an individual to have his DC arrest

record sealed, providing, among other things, that to prevail on a motion to seal, the movant

must show by clear and convincing evidence that "the offense for which the movant was arrested

did not occur or that the movant did not commit the offense."

The District of Columbia moves to dismiss for failure to state a claim on which relief can

be granted [dkt # 20]. The United States of America and the Federal Bureau of Investigation

move to dismiss for lack of subject matter jurisdiction or for failure to state a claim [dkt # 31].

Rose was arrested by District of Columbia police in January 1999 and charged with one

count of robbery. The arrest resulted from an incident that occurred in 1999 when Rose had an

---

[1] This case is assigned to Judge Richard W. Roberts. The instant motion was transferred to Judge Louis F. Oberdorfer by minute order dated 12/18/08.

-1-

altercation with a taxi driver. The robbery charge was dropped, after a determination that probable cause was lacking. Approximately one year later, Rose was charged with simple assault and taking property without right, charges that arose from the same 1999 incident. But those charges were also dismissed, this time by an entry of *nolle prosequi*.

On July 11, 2001, after the passage of another year, Rose moved to seal his arrest record pursuant to Rule 118. The motion was denied on December 5, 2001. Rose moved for reconsideration. That motion was also denied – after six days of evidentiary hearings. A second motion for reconsideration was denied.

Rose appealed to the District of Columbia Court of Appeals, which affirmed the Superior Court's denial of the motion to seal. Rose v. United States, 879 A.2d 986 (D.C. 2005). Rose then petitioned for rehearing, raising the issue he seeks to present here – Rule 118's constitutionality – for the first time. The rehearing petition was denied.

Now, after five adverse rulings in the District of Columbia courts, Rose seeks the declaratory judgment of a federal court that Rule 118 offends the Due Process Clause and that "all persons ever arrested under District of Columbia law who were not adjudicated to be guilty of any offense charged under that arrest are . . . entitled to have all records created by the Government or for the Government as a result of the arrest either destroyed or modified to remove any information that could possibly connect the arrestee's identity to the record."

Although several of the asserted grounds for dismissal would serve as well,[2] one clear reason why the federal defendants must be dismissed from this suit is that the United States has

---

[2] Including lack of subject matter jurisdiction, because of the Rooker-Feldman doctrine, see Richardson v. District of Columbia Court of Appeals, 83 F.3d 1513 (D.C. Cir. 1996); *res judicata*; or the absence of a constitutionally protected life, liberty, or property interest.

not waived its sovereign immunity with respect to section 1983.  See Settles v. U.S. Parole Comm'n, 429 F.3d 1098, 1105 (D.C. Cir. 2005).  Rose has not asserted a Bivens claim.  See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).  The United States and the Federal Bureau of Investigation must be dismissed from this suit for that reason alone, and none of the defendants' other arguments for dismissal need be addressed.

The District of Columbia is entitled to dismissal because Rose's claim is *res judicata* -  a claim as to which there has already been a final judgment on the merits.  A plaintiff may not relitigate issues that were or could have been raised in the earlier action.  Allen v. McCurry, 449 U.S. 90, 94 (1980).

Rose asserts that he did not raise the constitutional claim in the District of Columbia courts before his final motion for reconsideration because he was exhausting his remedies. There is no requirement to exhaust remedies before bringing a constitutional claim, however, and Rose's claim clearly could have been presented to the Superior Court.  See Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 81 (1984) ("a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered").  Furthermore, Rose's claim is not based on a new transaction or occurrence, which was the only thing that saved the plaintiff's claim in Interoceanica Corporation v. Sound Pilots, Inc., 107 F.3d 86 (2d Cir. 1997), from being barred by *res judicata*.  See also Family Division Trial Lawyers of the Superior Court-D.C., Inc. v. Moultrie, 725 F.2d 695, 704 (D.C. Cir. 1984) (barring claim on grounds of *res judicata* because of the Superior Court's prior finding that plaintiff's constitutional rights were not abridged and because the Superior Court "actually entertained and rejected" the plaintiff's claims).

An accompanying order dismisses the case.


                                    /s/ James Robertson

                          for    Louis F. Oberdorfer
                                 United States District Judge